## LOTTO v. STATE. (No. 6166.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 22, 1919.)

1. ATTORNEY AND CLIENT ⬤⟿38 — DISBARMENT OF ATTORNEY—"DISHONORABLE CONDUCT."

An attorney, who remarked that "Germany is going to win the war, and I hope she will," was not guilty of "dishonorable conduct" within Rev. St. 1911, art. 325, relating to disbarment; such· conduct being clearly outside the scope of the attorney's relations.

[Ed. Note.—For other definitions, see Words and Phrases, Dishonorable Conduct.]

2. STATUTES ⬤⟿225¾—RE-ENACTMENT—FORMER CONSTRUCTION BY COURT.

Where a statute, after being once construed by the court of final jurisdiction, has been re-enacted without material change, such construction becomes a part of the new law.

3. ATTORNEY AND CLIENT ⬤⟿37—CONSTITUTIONAL LAW ⬤⟿199 — CONSTRUCTION — EX POST FACTO LAWS—DISBARMENT.

Where a statute giving grounds for disbarment of an attorney was construed by the court of final jurisdiction and was thereafter re-enacted without material change, to give the statute a new construction, disbarring an attorney on a new ground, would be in effect disbarring the attorney by a law not previously ·prescribing the offense.

4. APPEARANCE ⬤⟿24(5) — DEFECTS IN SERVICE—WAIVER.

In an action to disbar an attorney, appearance in court was a waiver of any defects in the service.

5. APPEAL AND ERROR ⬤⟿216(5) — MATTERS REVIEWABLE — REQUESTED INSTRUCTIONS — FILING—INSPECTION BY COUNSEL.

Assignments, complaining of refusal to give special instructions, cannot be considered, where it does not appear that they were requested after inspection by opposite counsel, or were signed or filed, refused or given.

Appeal from District Court, Duval County; V. W. Taylor, Judge.

Suit by the State of Texas to disbar F. Lotto, an attorney. From a judgment of disbarment, the defendant appeals. Reversed and remanded.

F. Lotto, of San Diego, for appellant.

SWEARINGEN, J. Upon the complaint filed by a practicing attorney ·this suit was instituted in the name of the state to disbar appellant, a licensed attorney. Appel-

lant answered, demurring to the sufficiency of the complaint and denying the allegations thereof. After a general charge the jury returned its verdict, finding the appellant guilty of the dishonorable conduct alleged. Judgment was rendered disbarring the appellant.

The pleading and evidence will appear in the discussion of the assignments of error.

The general demurrer directed against the petition was overruled, which action is the substance of the complaint presented in the fifth assignment. The insufficiency of the evidence to sustain the charges pleaded is the contention of the fifteenth assignment. While, of course, the evidence cannot be considered in· determining the sufficiency of the petition, yet, we believe, the two assignments may be more briefly disposed of in one discussion.

The offenses for which the name of an attorney at law may be stricken from the roll of the courts of this state are prescribed by Revised Statutes, arts. 323, 325. The ground alleged in the case at bar is the "dishonorable conduct" stated in article 325. No fraud, immorality, or conviction of crime is alleged. The dishonorable conduct alleged in all four of the counts is of the same nature, but that set out in the first is the more serious, and it will suffice to discuss 'that. This first count alleged is that appellant was guilty of dishonorable conduct as an attorney 'at law in this: That he remarked in the presence and hearing of John C. North that "Germany is going to win the war and that I hope she will." It is alleged that appellant is a citizen of the United States of America, which was then at war with Germany. The evidence in support of the charge was the testimony of John C. North for the state, and of appellant in defense. Mr. North testified as follows:

"I said 'Now, Mr. Lotto, right down in your heart, don't you hope Germany whips the United States?' and he said: 'Yes, by God, I do. Why shouldn't I? * * * I didn't mean just that, but you made me mad.' "

Mr. North, on cross-examination, testifying concerning the conduct of appellant and referring to the same remark, said that he asked appellant if he were with the United States, to which appellant answered, "Yes." Mr. North further asked, "Would you be to that extent that you would fight for the United States?" To which appellant made no reply.

The version of this conversation, testified to by appellant, is that after the United States had declared war against Germany Mr. North questioned appellant, "Well, how do you feel about Germany?" to which appellant answered, "I regret the war; Germany is my native land, and I regret the war between my adopted country and my native

land." Mr. North, "So, in that case, you want Germany to win the war?" to which appellant made no answer.

In deference to the verdict of the jury we find that the appellant did say to Mr. North that he hoped his native country, Germany, would whip the United States, his adopted country, in the war then pending, which remark appellant immediately qualified with the statement that he did not mean just that.

[1-3] The conduct described is clearly outside the scope of appellant's professional relations. No duty to a client, to a brother lawyer, or to the court is involved. The conduct of which appellant was guilty is conduct in his private capacity, and reflects upon him as an individual citizen of his adopted country, to which he had sworn allegiance and by which he was protected and honored. The statutory meaning of the words "dishonorable conduct" has, been clearly defined by the Supreme Court. In 1854 the Legislature of Texas amended the statutes of this state prescribing causes for disbarment of attorneys at law, and in section 2 declared that:

"No court shall strike an attorney or counselor at law from the rolls for contempt, unless it involve fraudulent or dishonorable conduct or malpractice." 3 Gam. Laws of Texas, 1562.

The fraudulent or dishonorable conduct therein referred to was construed by the Supreme Court, in 1858, as follows:

"The conduct here referred to must mean conduct as an attorney, not merely as a person. It is only his official conduct with which the court is concerned. It is the prostitution of his office to corrupt practices that can bring him in collision with his professional fidelity." Jackson v. State, 21 Tex. 668.

The present statute (article 325) prescribes the grounds for disbarment in the same words as the amendment of 1854. This statute was re-enacted the last time in 1911, long after the construction given the language by the Supreme Court. This conclusively settles the statutory meaning of the words, "dishonorable conduct." The rule is stated thus:

"Where a statute * * * after being once construed by the court of final jurisdiction, has been re-enacted without material change, such construction becomes a part of the new law." Scott v. State, 6 Tex. Civ. App. 345, 25 S. W. 338.

Furthermore, no new meaning could be given the words, "dishonorable conduct," for the purpose of disbarring appellant for that would be, in effect, disbarring appellant by a law not previously prescribing the offense, which is forbidden by the Constitution. Ex parte A. H. Garland, 4 Wall. 333, 18 L. Ed. 366.

When the loyal citizens of this country were anxiously bearing the deprivations and sorrow, anticipating the dreadful issue with the most ruthless warriors of all history, which meant the sacrifice of countless treasure, the suffering of intense hardships, death, and permanent mangling by the noblest and best of their friends, relatives, and sons, it is not surprising that appellant's expressed hope that all would be in vain, that, in spite of the agony and carnage upon the battle fields, our country would be defeated and left to supplicate mercy from pitiless conquerors; it is not surprising that such a wish aroused those intrusted with the protection of their loved ones and their country, and determined them to end such hostile and dangerous expressions. It is to the everlasting credit of this community that it appealed to the orderly courts of our country instead of an improvised tribunal of a vigilant committee.

Occasionally the established law has seemingly failed to afford a remedy adequate to an unusual situation. So it appeared in this case. The defect was speedily corrected by prompt state and national legislation, which pronounced such conduct a crime and provided a penalty. But such laws were enacted after the commission of the conduct here complained of, and because of our all-protecting Constitution, these laws could have no retroactive effect.

Unable to deal with appellant as an individual, it doubtless seemed proper to at least strip him of his lawyer's license, that badge of character, integrity, and honor for which the profession of law must ever stand to properly sustain its position as an arm of our judiciary. Hence this disbarment proceeding. But, because the phrase, "dishonorable conduct," as used in the statute, cannot be and has never been construed to include such conduct, as here charged, of an individual in his private capacity, though that individual is a lawyer, we are compelled to hold that appellant cannot be stripped of his license upon the complaint before us.

The three other counts of the complaint are probably less culpable than the one above described, and furnish less basis for disbarment.

The general demurrer should have been sustained, for which reason the fifth assignment is sustained.

Because the evidence sustains the charges pleaded, we overrule the fifteenth assignment.

[4, 5] The assignments attacking the citation are overruled, because the appearance in court was a waiver of any defects in the service. Those assignments complaining of the refusal to give special instructions are overruled because it does not appear that they were requested after inspection by opposite counsel, nor that they were signed or filed, refused or given.

Those assignments relating to the admission of testimony become immaterial in view of our disposition hereof. The assignment

complaining of the exclusion of the letter is overruled.

The judgment is reversed, for the reason that the general demurrer should have been sustained. The cause is remanded.