### COTTER v. STATE.   (No. 11676.)

Court of Criminal Appeals of Texas.   Jan. 15, 1930.

For former opinion, see 21 S.W.(2d) 503.

Everett Bryson, of Texarkana, J. A. Ward, of Mt. Pleasant, and J. H. French, of Daingerfield, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

### On Application to File Second Motion for Rehearing.

LATTIMORE, J. It is the fixed rule of this court that, unless an application for leave to file a second motion for rehearing sets up as ground therefor some matter such as is comprehended by our opinion in Hickman v. State, 93 Tex. Cr. R. 407, 247 S. W. 518, such motion will not be granted.

[1] In the opinions of Judge Hawkins originally and Judge Morrow upon rehearing, the questions raised regarding the action of the trial court in his change of the venue herein, and in refusing to charge on circumstantial evidence, were reviewed and passed upon. Said questions are again raised and presented in this application, but we do not follow or agree to any contention made, and must decline to further write upon same. Chorn v. State, 107 Tex. Cr. R. 522, 298 S. W. 290; Webb v. State, 109 Tex. Cr. R. 311, 4 S.W.(2d) 45; Silver v. State, 110 Tex. Cr. R. 512, 8 S.W.(2d) 144, 9 S.W.(2d) 358, 60 A. L. R. 290; Webb et al. v. State, 110 Tex. Cr. R. 503, 7 S.W.(2d) 562, 9 S.W.(2d) 335. The admonition of Morrow, P. J., in the opinion last cited, is called to the attention of the bar, and it is hoped they will be guided thereby.

We did not discuss appellant's contention that the trial court erred in the admission of the testimony of Sheriff Carpenter set out in bill of exceptions 12, to the effect that he saw the codefendant Parker coming from the direction of appellant's home the morning after the shooting. That such testimony was inadmissible is not made evident by the recitals of the bill, nor is there any showing of possible harm. The shooting was in the night. Parker's place of business was in the opposite direction from which he was coming when seen by Mr. Carpenter the next morning. In connection with the facts and circumstances known to the trial court and jury, Parker's movements about 8 o'clock the morning after the shooting may have supported the theory of an acting together of himself and appellant.

█ We did not discuss the alleged error of allowing the negro, Bolden, to testify that he was in jail prior to the shooting when Parker

was struck by the sheriff as the latter put Parker in jail, and to a threat made by Parker shortly thereafter. There were two adjoining compartments of the jail, one for whites, the other for negroes, separated by a steel partition. Directly after the officer put Parker in the white compartment, Bolden testified that he heard a threat against the sheriff, and that the party said he would show him how to hit a white man. As far as the recitals of this bill go, they fail to show that Parker was not the only man in the white compartment when the threat was therein made, which fact, if known to Bolden, would have justified him in saying Parker made the threat.

The bill shows no error.

The application for leave to file a second motion for rehearing will be denied.