## BILLY LYNCH V. STATE.

No. 26,636. December 16, 1953.

*John Hatter,* Moody, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of burglary; his punishment was assessed at a term of five years; and the execution of the sentence was suspended in accordance with the terms of the Adult Probation Law, Art. 781b, V.A.C.C.P.

This is an appeal from an order revoking such probation.

The record contains no statement of facts.

Appellant complains of the procedure followed in this proceeding and insists that he should have all the rights secured to him by law in this hearing for revocation as the law secured to him upon the main trial.

A proceeding to revoke probation is not a "trial," as that term is used and contemplated by the Constitution in regard to criminal cases. Wilson v. State, 156 Tex. Cr. R. 228, 240 S.W. 2d 774.

The review of the hearing on revocation of probation by this court is limited to a determination of the question of whether the trial judge abused his discretion in revoking the order grant-

ing probation. Jones v. State (page 24, this volume), 261 S.W. 2d 317; Graves v. State, 158 Tex. Cr. Rep. 429, 256 S.W. 2d 576.

In the absence of a statement of facts in this case, we are unable to determine whether such discretion was abused.

The judgment of the trial court is affirmed.

Opinion approved by the Court.