MATTER OF M—D—

In DEPORTATION Proceedings

A-7690775

*Decided by Board February 3, 1961*

Conviction—Finality—Section 241(a)(4), 1952 act—Effect of probation and suspension of sentence in Texas.

(1) The Texas Adult Probation and Parole Law as amended and reenacted in 1957 (Article 781d, Texas Code of Criminal Procedure) contains no new provisions affecting the "finality" of a conviction for purposes of the immigration laws. (Follows *Matter of R—R—*. 7—478.)

(2) An alien convicted of burglary in Texas in 1960 in whose case (pursuant to the above-mentioned statute) execution of a two-year sentence was suspended and probation granted has been "convicted" within the meaning of section 241(a)(4) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime committed within five years after entry, to wit: Burglary.

## BEFORE THE BOARD

DISCUSSION: This respondent, age 21, male, single, a native Mexican citizen, appeals from an order directing deportation. Counsel, in exceptions, contends that adult probation, following a conviction, is not a final judgment under Texas law and procedure. The only issue presented is whether the sentence and disposition of the criminal case by the court, for the crime set forth in the order to show cause, is a final judgment of conviction under the applicable laws and criminal procedure of the State of Texas. The appeal is submitted on the record.

Respondent has admitted alienage. He admits that he last entered the United States on August 21, 1958, at El Paso, Texas, and that he pleaded guilty in the District Court, El Paso County, Texas, to the charge of burglary, committed May 22, 1960, and was sentenced to the state penitentiary for a term of 2 years on July 19, 1960.[1]

---

[1] Articles 1389, 1390, and 1391, Vernon's Texas Penal Code, in effect when respondent was convicted, are statutes defining burglary, all of which provide among other elements that the offense shall consist of entering with intent to commit a felony, or the crime of theft. Punishment for burglary is set forth in Article 1397 of the aforesaid code, namely, confinement in the penitentiary not less than 2 nor more than 12 years. The crime in the instant case, committed with intent to commit theft, involves the element of moral turpitude.

172

Execution of the sentence was suspended and respondent was placed on probation for a term of 2 years in accordance with the Adult Probation and Parole Law of the State of Texas. The terms and conditions of probation were set forth by the court:

Commit no offence against the laws of this or any other State or the United States.

Report to his father Mr. M— as Probation Officer.

The Defendant is hereby released and paroled on his own personal recognizance in the penal sum of $2,000.00 this day taken in open court.

Deportability is challenged by counsel in exceptions (Form I-290A) solely on the allegation that because respondent was placed on probation under the Adult Probation and Parole Law of Texas, the sentence, which was suspended, is not a final judgment of conviction. No precedents or points of law or procedure have been submitted to support the allegations.

The special inquiry officer has considered counsel's exception. He has observed that the specific procedure under which respondent was placed on probation was amended in 1957. However, the special inquiry officer decided that the sentence pronounced by the court was a final judgment of conviction for the crime charged, and that the sentence (judgment) satisfies the provision of section 241(a)(4), the first part, Immigration and Nationality Act, so as to render respondent deportable. As precedent, the special inquiry officer relies on the fact that we considered and adjudicated the same issue in a similar case arising under the statutory law and criminal procedure in Texas jurisdiction (*Matter of R—R—*, 7—478 (B.I.A., 1957)). In substance, the only question presented is whether the Adult Probation and Parole Law of Texas, as amended and reenacted in 1957, affects the finality of the judgment of conviction in this case.

On May 29, 1957, when the Board rendered decision in *Matter of R—R—*, *supra*, the Texas Adult Probation and Parole Law of 1947 was codified under Article 781b of the Texas Code of Criminal Procedure. That statute was repealed by the 55th legislative session of 1957, effective 90 days after May 23, 1957 (Article V, section 35, 55th Leg., Chapter 226, Acts of 1957). The present Adult Probation and Parole Law was enacted by the same legislative session in 1957. It is, in substance, similar to the former law, with modifications, and is codified as Article 781d, Code of Criminal Procedure (Vernon's Annotated Statutes, Code of Criminal Procedure, Article 781d, 1958 Supp.). We have looked to some pertinent provisions of the new law and have compared them with certain provisions of the former statute (Article 781b, Texas Code of Criminal Procedure), which we carefully considered in rendering our decision in *Matter of R—R—*, *supra*, to determine if there is any change in probation procedure that would affect the finality of the sentence

173

rendered in this case on July 19, 1960 (*Pino* v. *Landon*, 349 U.S. 901).

Comparing the provisions of the Act of 1947 (Article 781b, Texas Code of Criminal Procedure) with current law, we note that the state courts of Texas are given the jurisdiction to determine when execution of sentence *in certain cases* (not excepted from discretion) shall be suspended, to determine the conditions of probation, and to determine the supervision of the probationers (section 1 of Article 781b, prior statute, which in substance is the same as sections 1 and 3 of Article 781d, Acts of 1957). The court having jurisdiction of the case may at any time during the period of probation alter or modify the conditions that the probationer has been given to observe (section 3 of Article 781b, prior statute, which is in substance the same as section 6 of Article 781d, Acts of 1957).

Only the court in which a defendant was tried may grant probation, fix or alter the conditions of same, revoke the probation, or discharge the defendant, unless the court has transferred jurisdiction to another court (section 5 of Article 781d, Acts of 1957, similar to section 4 of Article 781b, the prior statute).

The arrest of a defendant for violation of probation, hearing for revocation or continuance of probation, *etc.*, is provided in section 8 of Article 781d, Acts of 1957. No part of the time the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve. The right of the probationer to appeal to the Court of Criminal Appeals for a review of the trial and conviction, as provided by law, shall be accorded at the time he (the defendant) is placed on probation. When the defendant (after hearing before the court) is notified that his probation is revoked for violation of the conditions of probation, and he is called on to serve jail or penitentiary sentence, he may appeal the revocation only. This section of the new law is almost precisely the same as section 5 of Article 781b, Acts of 1947.

At the outset, it is important to note that the purpose of the Adult Probation and Parole Act of 1957 is to provide for the release of persons on parole and to designate the Board of Pardons and Paroles as the agency to recommend parole and to make investigations. The final purpose of the Act is to remove from existing statutes the limitations and the questions of constitutionality that have acted as barriers to the effective systems of probation and parole in the public interest (Code of Criminal Procedure, Article 781d, section 1, Vernon's Texas Statutes, 1958 Supp.).

It is important and material to note that in deciding that the Adult Probation and Parole Law of 1957 is not unconstitutional, the Texas Court of Criminal Appeals has held that the 1957 Act contains substantially the same provisions for granting and revoca-

174

tion of probation and right of appeal (considered important factors) as the superseded 1947 Act; and that the 1957 enactment, in effect, adopted construction placed on the prior statute by decisions of that court. *Stratmon* v. *State*, 333 S.W.2d 135. In view of the above-stated purposes of the new statute, and in view of the decision of the Texas Court of Criminal Appeals that the pertinent provisions of the new law of 1957 are substantially the same as the provisions of the prior Act of 1947 (Article 781b, Texas Code of Criminal Procedure), there is very little that remains to be said on the issue presented.

With respect to finality of a conviction for deportation purposes (8 U.S.C. 1251(a)(4), the first part, Immigration and Nationality Act), where such conviction (judgment) took place in Texas, and probation occurred under the law and procedure set forth in Article 781b, Code of Criminal Procedure, we stated the general rule in *Matter of R—R—*, *supra*, that conviction is final when "sentence" is pronounced on a verdict or plea of guilty; that a sentence imposed, but not executed (suspended), is nevertheless a "sentence" (judgment); and that if suspension of execution of sentence and probation is subsequently revoked, no further sentence need be entered—execution of sentence must follow as if there had been no probation. In other words, the conviction on the plea or verdict of guilty was completely and finally adjudicated when the sentence was pronounced. Accordingly, we find that probation granted to respondent in this case under Article 781d, Texas Code of Criminal Procedure, the Adult Probation and Parole Act of 1957, can have no effect on the finality of conviction as long as the finding (verdict or plea) of guilt and sentence to punishment remain of record. Under Texas criminal procedure, suspension of execution of sentence and placement on probation by courts of that State is a matter that rests within the sound discretion of the trial court and follows conviction (final judgment). *Roy* v. *State*, 319 S.W.2d 705. Refusal to grant discretion is not appealable. *Stratmon* v. *State*, 333 S.W.2d 135. Since there has been no change in the new Adult Probation and Parole Law of 1957 in Texas that affects the finality of judgment in this case, the decision by the special inquiry officer, predicated on *Matter of R—R—*, *supra*, as precedent, is affirmed. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be dismissed.