MATTER OF GONZALEZ DE LARA

In Deportation Proceedings

A-12693848

*Decided by Board July 29, 1968*

(1) A conviction for unlawful possession of marijuana for which respondent was sentenced to confinement for 2 years, imposition of sentence was suspended and probation granted pursuant to Article 42.12 of the Texas Code of Criminal Procedure (Revised Adult Probation and Parole Law of 1966), is a final conviction for the purposes of section 241(a)(11), Immigration and Nationality Act, as amended, in the absence of evidence the court set aside the conviction or dismissed the indictment in accordance with section 7 of Article 42.12.

(2) Respondent's claim that his mother—who was born in the United States in 1923 and taken by her parents at age 7 to Mexico where she resided until her entry to this country in 1956—should be regarded as having constructive residence in the United States prior to respondent's birth in Mexico in 1945 for the purpose of compliance with section 201(g) of the Nationality Act of 1940 on the ground she did not know where she was born until she received a copy of her birth certificate in 1955, is rejected since respondent's mother makes no claim in her testimony that she was not aware of her birth in the United States and her marriage certificate issued in 1935 and respondent's birth certificate (1945) both state she was born in the USA.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted for illicit possession of marijuana.

ON BEHALF OF RESPONDENT: Wellington Chew, Esquire
609 Bassett Tower
El Paso, Texas 79901

The respondent, a native and citizen of Mexico, appeals from an order entered by the special inquiry officer on June 17, 1968 directing his deportation to Mexico on the charge stated in the order to show cause. Exceptions have been taken to the finding of alienage and deportability.

The respondent, an unmarried male alien, 22 years of age, entered the United States as an immigrant through the port of El Paso, Texas on or about December 2, 1960. He was convicted on March 14, 1968 in

Tarrant County Criminal Court No. 1 at Fort Worth, Texas for unlawful possession of marijuana. A record of the respondent's conviction has been entered in evidence as Exhibit 2. The special inquiry officer in his decision of June 17, 1968 finds that alienage has been established and that the respondent is deportable as charged in the order to show cause.

Counsel on appeal maintains that the respondent is a derivative citizen and that there has been no final conviction since the respondent was placed on probation and imposition of sentence suspended pursuant to Article 42.12 of the Code of Criminal Procedure, Texas.

We will first discuss the issue of the respondent's alienage. He was born at Canitas, Zac., Mexico on November 1, 1945, the legitimate child of Manuel Gonzalez, a citizen of Mexico and of Virginia De Lara, a citizen of the United States (Ex. 7). The respondent's mother was born at Knight's Landing, California on October 23, 1923 (Ex. 3). She married the respondent's father at Canitas, Zac., Mexico on March 29, 1935. The respondent's mother was taken to Mexico by her parents when she was seven years of age and she resided in Mexico until she entered the United States in 1956.

The respondent's mother testified that she knew that she was a United States citizen, born in the United States at the time she married although she did not know where she was born at that time (p. 18). She further testified that she obtained a birth certificate "about 13 years ago" (1955) and "after I received my birth certificate I remained in Mexico about a year, for the reason my husband did not approve of me coming over here because we had such a large family and did not have anybody to watch over this family" (p. 18). The respondent's mother was 33 years of age when she obtained her citizen's identification card and entered the United States to reside.

The pertinent statute in effect when the respondent was born on November 1, 1945 was section 201(g) of the Nationality Act of 1940. Section 201(g) requires the citizen parent to have had ten years' residence in the United States prior to the birth of the child, and at least five of these ten years must have been after attaining the age of 16 years. Since the respondent's mother resided in the United States for seven years after her birth in California on August 3, 1923 and did not return to the United States until 1956, some 11 years after the respondent's birth, it is obvious that the respondent did not acquire United States citizenship at birth through his citizen mother.

The respondent contends that his mother should be regarded as having constructive residence in the United States prior to his birth in order to comply with the requirements of section 201(g) of the

807

Nationality Act of 1940. He maintains that his mother did not know where she was born until she received a copy of her birth certificate from a sister in 1955; that for this reason she was unable to pursue her claim to United States citizenship by obtaining a document of identity at the American Consulate in Juarez, Mexico; that his mother was financially unable to make the trip to the United States prior to 1956; and that his father was opposed to the respondent's mother leaving her large family and entering the United States.

We find no support in the record for the respondent's argument that his mother should be regarded as having established constructive residence in the United States in order to comply with the provisions of section 201(g) of the Nationality Act of 1940. The respondent's mother makes no claim that she was not aware of her birth in the United States. The testimony of the respondent's mother that she was unable to obtain a birth certificate because she did not know where she was born in the United States is not credible because both her marriage certificate issued in 1935 and the birth certificate of the respondent state that she was born in Knight's Landing, California, USA. The factors urged by the respondent will not support a finding of constructive residence in the part of his mother in order to pass United States citizenship to him under section 201(g) of the Nationality Act of 1940. Cf., *Matter of A—M—*, 7 I. & N. Dec. 332. We affirm the special inquiry officer's conclusion that the respondent is an alien, a native and citizen of Mexico.

The respondent maintains that his conviction for unlawful possession of marijuana is not final because his sentence was suspended and he was placed on probation pursuant to the Adult Probation and Parole Law of Texas (Article 42.12). The record of the respondent's conviction shows that he was sentenced to confinement for two years, imposition of sentence suspended and he was placed on probation upon certain terms and conditions stated in the court's order.

The Texas Code of Criminal Procedure was revised by the legislature in 1965 and a new Code of Criminal Procedure was adopted effective January 1, 1966. The new code repealed all prior laws relating to criminal procedure with certain exceptions which do not include the Suspended Sentence Law of 1913 or the Adult Probation and Parole Law of 1957 (Article 54.02). The Suspended Sentence Law, former Article 776–781, was repealed and not reenacted in the new code. This Board has held that a conviction was not final in Texas when the defendant was treated under the Suspended Sentence Law, Articles 766–767, 776–781 of the former code. *Matter of L—R—*, 7 I. & N. Dec. 318. We have also held that when the defendant was treated as an adult under the Adult Probation and Parole Law,

Article 781(b), the conviction was a final one. *Matter of R—R—,* 7 I. & N. Dec. 478; *Matter of M—D—,* 9 I. & N. Dec. 172.

The Revised Adult Probation and Parole Law (Article 42.12) has expanded the former law (Article 781(d)) but its provisions are very similar to the former statute. "Probation" is defined in paragraph (d) of section 2 as meaning "the release of a *convicted* defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended." (Emphasis supplied.) Under the new code, when probation is granted, only the imposition of sentence is now suspended[1]. However, there is a provision in section 7 of Article 42.12 which reads:

In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.

The judgment and order of conviction and probation was entered against the respondent by the Criminal District Court No. 1 of Tarrant County, Texas on March 14, 1968. There is no evidence before us that the respondent appealed his conviction or that the court has discharged the respondent, set aside his conviction or permitted the respondent to withdraw his plea. There is no evidence that the indictment has been dismissed pursuant to the provisions of section 7 of Article 42.12 of the Texas Code of Criminal Procedure. We affirm the finding of the special inquiry officer that the respondent was convicted on March 14, 1968 in the Criminal District Court No. 1 of Tarrant County, Texas for unlawful possession of a narcotic drug, to wit, marijuana, contrary to the laws of Texas and that such conviction is final.

The respondent is ineligible for discretionary relief and we affirm the special inquiry officer's conclusion in this regard. An appropriate order will be entered.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.

---

[1] Suspension of imposition of sentence results in a final conviction (*Matter of O—,* 7 I. & N. Dec. 539; cf., *Matter of J—,* 7 I. & N. Dec. 580).