**Tommy FLOURNOY, Appellant,**

v.

**The STATE of Texas, Appellee (two cases).**

**Nos. 45379, 45380.**

Court of Criminal Appeals of Texas.

June 28, 1972.

---

E. W. Boedecker, Levelland, Sam E. Brown, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

. OPINION

DAVIS, Commissioner.

These are appeals from orders revoking probations.

On November 26, 1968, appellant pled guilty to the offense of forgery. Punishment was assessed at five years, but the imposition of sentence was suspended, and appellant was granted probation.

On January 29, 1970, appellant pled guilty to another offense of forgery. Again, punishment was assessed at five years and the imposition of sentence was suspended, and appellant was granted probation.

Among the conditions of probation, in both cases, was the requirement that appellant "commit no offense the punishment for which could be imprisonment in jail or the penitentiary."

On June 11, 1971, the State filed motions to revoke appellant's probations in both causes alleging in each case "that the terms and conditions of said probation have been violated as follows: That the Defendant has committed an offense for which he could be punished by imprisonment in the penitentiary, to-wit: Forgery."

On July 22, 1971, the court entered judgments revoking probations in both causes, said judgments reciting the court "having heard evidence when the motion came on for consideration, has and does find that the Defendant has violated the terms and conditions of his probation."

Appellant contends that the trial court abused its discretion in revoking the probations because of the State's failure to allege in its motions to revoke that appellant, "at a time subsequent to his being placed on probation and during said probationary period," violated a condition of his probation.

The record fails to reflect that there was ever any objection to the form of the motions to revoke nor do we find any suggestion to the court that the allegations failed to give appellant notice of what violation he was called upon to defend.

In Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583, this Court said, "Appel-

lant, for the first time on appeal, contends that the state's motion to revoke the probation did not sufficiently allege how, when or where he had violated the law. The appellant, having failed to question the sufficiency of the motion in the trial court, is in no position to urge such contention on appeal." See Blackshire v. State, Tex.Cr. App., 464 S.W.2d 108; Balli v. State, Tex. Cr.App., 460 S.W.2d 424.

We find no merit in appellant's contention that the orders revoking probations are fatally defective "in that it fails to make a finding to the effect that at a time subsequent to being granted probation and during the probationary period, the appellant committed the offense which forms the basis for revocation of appellant's probation." No findings were requested by appellant, hence no error. Blackshire v. State, supra; Hulsey v. State, Tex.Cr. App., 447 S.W.2d 165; Tate v. State, Tex. Cr.App., 365 S.W.2d 789. The order entered was sufficient. See Manning v. State, Tex.Cr.App., 412 S.W.2d 656.

Appellant urges that there is no evidence to the effect that after being granted probations he violated the terms and conditions of his probations.

There is no transcription of the court reporter's notes in these cases, hence this Court does not have the benefit of what was shown to the trial judge as a basis for revocation of these probations. In Guinn v. State, supra, this Court said, "In the absence of a statement of facts, we are unable to pass upon appellant's contention that the evidence was insufficient to authorize the court to revoke the probation, Lynch v. State, 159 Tex.Cr.R. 267, 263 S. W.2d 158. . . . . ."

The appellant relies on Mason v. State, Tex.Cr.App., 438 S.W.2d 556 and Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422. A reading of these two cases reflects that transcriptions of the court reporter's notes were before this Court.

Finding that the trial court did not abuse its discretion in revoking appellant's probations, the judgments are affirmed.

Opinion approved by the Court.