### JOHNIE MEGGS v. THE STATE.

No. 9430.   Delivered October 7, 1925.

**1.—Delinquent Child—Complaint—Sufficiency of.**

Where on a charge of being a delinquent child, the first count in the complaint avers "that said Johnie Meggs was then and there and is incorrigible" is not sufficiently specific to sustain the conviction, in that it is bare of averments susceptible of proof, describing the conduct rendering the appellant incorrigible. Following Hogue v. State, 87 Tex. Crim Rep. 171 and other cases cited.

**2.—Same—Continued.**

The other count charges that the appellant "did then and there wander about the streets of the city of Fort Worth, in the night time, without being in any business or occupation. This averment is sufficient. Following Guinn v. State, 278 S. W. 233.

**3.—Same—Delinquent Child—Evidence—Held—Insufficient.**

Where the state wholly fails to sustain the charges of delinquency, as set out in the complaint upon which the conviction rests, we feel constrained to order that the judgment be reversed, and the cause remanded, which is accordingly done.

Appeal from the County Court of Tarrant county. Tried below before the Hon. O. S. Lattimore, sitting as a Juvenile Judge.

Appeal from a conviction of being a delinquent child, and committed to the Boys Training School at Gatesville, Texas, for a period of five years.

The opinion states the case.

*Harry Meyers,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The appellant was adjudged a delinquent child and was committed to the Boys' Training School, at Gatesville, Texas, for a period of five years.

The complaint contains two counts. The first reads thus: That the said Johnie Meggs was then and there and is incorrigible." This count is not sufficiently specific to sustain the conviction in that it is bare of averments susceptible of proof describing the conduct rendering the appellant incorrigible. See Hogue v. State, 87 Texas Crim. Rep. 171; Guerrero v. State, 87 Tex. Crim. Rep. 260; Ex parte Roach, 87 Tex. Crim. Rep. 370.

The other count charges that the appellant "did then and there habitually wander about the streets of the City of Fort Worth, in the night time, without being on any business or occupation." This is a sufficient averment. Guinn v. State, 228 S. W., Rep. 233. The Assistant Probation Officer found the appellant at the home of his mother. The officer described the house as filthy and said that the appellant was sleeping on the floor among rags and with his dog and cat. She said further:

"Johny does not go to school and is often seen with a one-eyed man there who has been involved in various violations of the law. He roams the streets at nights."

Appellant testified that he made money by holding horses for traders and caddying; that he went out at nights whenever he wanted to; that he slept on the floor with his dog and cat as a matter of preference; that he could have slept on the bed if he desired.

No other matters are found in the statement of facts which bear upon the specific grounds of delinquency which are sufficiently embraced in the complaint.

The Assistant Probation Officer did not testify that she saw the appellant roaming the streets at night; nor that he was without occupation. Appellant testified that he made money holding horses and caddying and that he went out at nights when he wanted to. Under the law, a charge of delinquency must be proved with the same degree of certainty as any other criminal charge. The statute makes it a criminal procedure. See Art. 1197, Vernon's Tex. Crim. Stat. 1920; Acts of Leg. 1918, 4th Called Session, Chap. 26, Sec. 1. See also Revised C. C. P., 1925, Art. 1093. Proof that the appellant went out at nights and that he was not pursuing any occupation is entirely absent. Neither do we find any evidence that he *"habitually"* roamed the streets at night. The word "habitual" means "formed or acquired by or resulting from habit; frequent use or custom." See Hilton v. State, 53 S. W., Rep. 113; 41 Tex. Crim. Rep. 190. Single or occasional acts do not meet the requirement of the statute.

Boswell v. State, 48 Tex. Crim. Rep. 47; O'Kane v. O'Kane, 40 L. R. A. (N. S.) 655.

In the absence of more cogent proof of the substance of the averment in the complaint upon which the conviction rests, we feel constrained to order that the judgment be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*