RETA MOORE v. THE STATE.

No. 12380.   Delivered March 6, 1929.

The opinion states the case.

*W. D. Wilcox* of Spur, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was adjudged to be a delinquent child and was committed to the custody of the Girls' Training School at Gainesville until the 1st day of January, 1930, or until further orders of the Court.

The sufficiency of the evidence is questioned.   It is charged in the complaint filed against appellant that "Reta Moore does habitually

wander about the street in the night time without being on any business or occupation, and that the said Reta Moore is incorrigible."

The last clause charging appellant with being incorrigible has been held not sufficiently specific to sustain a conviction. Meggs v. State, 276 S. W. 262. Only the evidence which tends to sustain the first allegation will be considered.

Dad Robertson testified: "I have not seen her on the streets at night; she generally left before night."

Dr. Cooper: "She was in my employ as a house servant about three weeks. I have seen her on the streets of Girard, Texas, with men and with women. She came in at various times of the night while working for me. I would hear an automobile stop and honk and she would leave the house and often came back late at night."

G. C. Dial: "I have seen her on the streets at Girard at night. I have seen her go off with boys. I have not seen her on the streets late at night, for I close my place of business about Nine or Nine-thirty o'clock."

This is the State's case. Is it sufficient to show that she "habitually wandered about the street in the night time without being on any business or occupation"? The word "habitual" means "formed or acquired by or resulting from habit; frequent use or custom." Hilton v. State, 41 Tex. Crim. Rep. 190; Meggs v. State, 276 S. W. 263. Single or occasional acts do not meet the requirement of the statute. Boswell v. State, 48 Tex. Crim. Rep. 47; O'Kane v. O'Kane, 147 S. W. 73, 40 L. R. A. (N. S.) 655. We find nothing in the record to show that appellant habitually wandered about the streets without being on any business. It is shown that she went out auto riding at night and she had been seen on the streets at night, but in all these instances she may have been on business or upon some perfectly legitimate mission. For a girl under eighteen years of age to merely be upon the streets at night or go auto riding at night does not violate this statute.

It is charged in the brief that appellant was arrested and tried without giving any written notice to her parent or guardian, without the benefit of counsel or opportunity to employ counsel, and without a jury and was immediately ordered committed to the Girls' Training School and that she was actually committed there the day after the trial and is there at the present time. We find no bill of exception in the record with the certificate of the trial judge that the above alleged facts are true. We therefore do not pass on the point but content ourselves with calling the trial judge's attention to the deci-

sions of this Court holding that a trial without notice to the parents or guardians of the accused where they are known renders the judgment of conviction void. Ex parte Tomlin, 298 S. W. 902; Ex parte Webb, 3 S. W. (2nd) 810.

Because we think the evidence is insufficient to sustain the allegations of the complaint, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.