### FRED WILLIAMS V. STATE.

No. 25615. January 9, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) February 13, 1952.

Hon. S. H. Sanders, Judge Presiding.

*Lane & Anderson,* by *Wardlow Lane,* Center, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

This appeal is from the order of the court setting aside his order probating the sentence of Fred Williams which sentence had been imposed in Cause No. 9198 on the docket of the district court of Shelby County.

Appellant was tried before the court without a jury on the 28th day of November, 1950, in the above cause, was found guilty and sentenced to ten years in the penitentiary. The court then entered his order probating the sentence upon the condition that during the term of probation the defendant shall commit no offense against the law; abstain from the use of intoxicating liquor; refrain from gambling; stay away from honky-tonks, pool halls, liquor stores, and other places where gambling is permitted or liquor sold; avoid association with persons of immoral character; seek honest employment, support those depending upon him; report in person or by letter to the sheriff at specified times, and not leave the State of Texas without permit.

It is shown by the record that the district attorney, on March 29, 1951, filed with the district clerk a motion asking for the arrest of Fred Williams and for the revocation of his probation. He called the district judge into his office and discussed the matter with the judge and with appellant. In this conversation he told the judge the reasons for filing the motion which were that defendant had used intoxicating liquor and had committed an assault with intent to murder upon Berry Rhodes on the 15th day of December, 1950, and that the grand jury at its January term, 1951, had indicted him for that offense. In this conversation a hearing was set for July 31, 1951. Appellant had been taken into custody and he asked for his attorney who had represented him at the time of his conviction. His request was conveyed to his attorney, and again at the time of the hearing a call was made to his attorney who stated that he had not decided whether or not he would represent him. The record then shows an appearance at his trial of the Honorable Wardlow Lane who contested the hearing and brings this appeal.

By able oral argument and brief the matter was presented to this court and we are asked to set aside the order of the judge revoking the probation because the judge did not have, at the time of the hearing, a written report of a probation officer filed with him showing wherein the appellant had violated his probation. Reliance is had on Section 5 of Article 718-b, Vernon's Ann. C.C.P. This article makes it the duty of a probation and parole officer to forthwith report to the judge when a pro-

bationer has been arrested and detained for a hearing on a motion to revoke the probation. It provides that such probation and parole officer shall show in what manner the probation has been violated. Said article provides for an appeal to this court from the order of revocation. It is now the contention of the appellant that the report is jurisdictional and this seems to be the only question in the appeal.

The evidence introduced in the hearing, as shown by the record, warrants the return of the indictment for assault to murder. It shows that appellant was intoxicated, that he was mean and dangerous when intoxicated, but was a good and law abiding person when sober. There is nothing unusual about this. The court imposed a condition on his probation, among other things, that he refrain from the use of intoxicating drinks. This he did not do and his failure got him into the trouble with the judge who probated his sentence.

While the duty plainly rests upon the probation and parole officer to make a report, we cannot agree that it is jurisdictional. The judge has the power to require compliance with Section 5 on the part of his probation and parole officer, if he so desires, but we find no limitation on the power of the judge to inquire into the matter and act independent of such report. We are therefore unable to sustain the contention, and the judgment of the trial court is affirmed.