### DON MCDANIEL V. STATE.

No. 26,133. January 7, 1953.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) February 25, 1953.

*Tom McMurray*, Decatur, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

Appellant was convicted of the offense of burglary, his punishment assessed at a term of three years; and the execution of the sentence was probated in accordance with the terms of Article 781b, C. C. P.

This is an appeal from an order revoking such probation.

The primary question presented is whether the court is required to have a probationer served with a copy of the report for any particular length of time prior to the hearing showing in what manner he has violated his probation.

Appellant would have us read into the terms of Section 5 of Article 781b, C. C. P. (The Adult Probation and Parole Law) the two days required by Article 515, C. C. P., which provides for service of copy of indictment before trial. This, we are not at liberty to do. Section 5, supra, contains the entire legislative mandate on the question of procedure in revoking a probation. We find therein no mention of time allowed the probationer to prepare to defend against an effort to revoke his probation.

We certainly think it would be better practice on the part of the trial court to give some advance notice to a probationer as to the particulars in which it is alleged he violated his probation, even though the statute does not require such notice.

In the case before us, however, appellant makes no showing that he was deprived of any defense which he might have interposed had he been given the notice. In other words, he does not show this court that he was deprived of any right given him by the statute, nor that he was in fact injured by the action of the court and, therefore, has presented no reversible error.

We think such a holding is consistent with what we said in Wilson v. State, 156 Tex. Cr. R. 228, 240 S. W. 2d 774, and Williams v. State, 157 Tex. Cr. R. 25, 245 S. W. 2d 493.

Finding no reversible error, the judgment of the trial court is affirmed.