## CHARLES GIST V. STATE

No. 26,935. April 14, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 26, 1954

*Joe Carroll* and *Ross Tarrant,* by *Joe Carroll,* Temple, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

On October 29, 1951, appellant, upon his plea of guilty, was convicted in the district court of Bell County of the felony offense of assault with intent to murder, with punishment assessed at five years in the penitentiary.

Sentence was not, at that time, pronounced under the judgment. The imposition of sentence was suspended, and appellant was placed upon probation under the conditions stated in the order of probation.

On November 20, 1953, the state filed a motion to revoke the probation, alleging a violation by appellant of the conditions of probation. This motion was set by the judge of said court for hearing "instanter" on the day it was filed, and appellant's arrest ordered.

On November 25, 1953, five days thereafter, the motion to revoke probation was called for hearing by a judge of another judicial district who had been assigned to preside in the case.

After hearing, the order suspending the imposition of sentence was set aside, the probation revoked, and sentence duly imposed.

From such order of revocation, notice of appeal was given to this court.

If we correctly understand appellant's contention here, it is that the trial court did not grant him sufficient time within which to answer and prepare for the hearing on the state's motion to revoke the probation.

The grounds set forth to warrant postponement of the hearing are, of necessity, equitable in nature, because no statutory authority exists relative thereto. It must be remembered that the hearing on the motion to revoke was not a "trial" as that term is applied to criminal cases. Wilson v. State, 156 Texas Cr. R. 228, 240 S.W. 2d 774; Lynch v. State, 159 Texas Cr. R. 267, 263 S.W. 2d 158. Moreover, we have held (in McDaniel v. State, 158 Tex-

as Cr. R. 301, 254 S.W. 2d 785) that a proceeding to revoke probation does not require any particular time for the giving of notice to the probationer.

We are unable to reach the conclusion that the trial court abused his discretion when revoking the probation.

Accordingly, the judgment is affirmed.

Opinion approved by the court.