HENRY LEIJA V. STATE.

No. 30,223. December 17, 1958.
Motion for Rehearing Overruled January 28, 1959.

*Theo. Pat Henley,* and *Jewell D. Lemons,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney and *James E. Barlow,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the Criminal District Court of Bexar County revoking probation.

From the record before us, it appears that the appellant was convicted in the Criminal District Court of Bexar County on June 4, 1954, of the offense of burglary, and his punishment assessed at four years, that the imposition of such sentence was suspended and appellant was placed on probation.

It further appears that on April 20, 1958, the appellant was arrested in the vicinity of a filling station which had been burglarized in possession of some of the property which had been stolen therefrom, that an May 2, 1958, the state filed a motion to revoke probation, and the court ordered a capias for appellant's arrest to be issued and set the hearing on said motion for May 9, that appellant presented a motion to postpone the hearing, which was refused except that the appellant was given until June 6 in which to present his witnesses, and on said date the court granted the state's motion.

We shall discuss the contentions advanced in appellant's brief. He first contends that the evidence is insufficient to support the order of revocation. We need only observe that the appellant was apprehended in the immediate vicinity of the burglarized premises, was seen with part of the stolen property in his possession, had pieces of broken glass in the cuffs of his trousers, and that the window of the burglarized premises had been broken. We hold the evidence amply sufficient.

He next contends that the court erred in revoking probation because the term of probation expired five days before the order was entered. In Ex parte Fennell, 162 Texas Cr. Rep. 286, 284 S.W. 2d 727, we held that, where the motion to revoke was filed and the capias issued *during* the probationary term, an order entered *after* the expiration of the term was valid. In Fennell, as in the case at bar, the appellant relies upon Ex parte Fernandez, 156 Texas Cr. Rep. 246, 241 S.W. 2d 155, where the violation of probation occurred, the motion to revoke was filed, and the order of arrest was issued *after* the term of probation had expired. Fernandez has no application in the case at bar, and Fennell is controlling.

Appellant's contention that a jury should have been impaneled to hear the motion to revoke is in direct conflict with

Section 5 of Article 781b, V.A.C.C.P., which provides that such hearing shall be without a jury and with the holdings of this court in Wilson v. State, 156 Texas Cr. Rep. 228, 240 S.W. 2d 774; Lynch v. State, 159 Texas Cr. Rep. 267, 263 S.W. 2d 158; Dunn v. State, 159 Texas Cr. Rep. 520, 265 S.W. 2d 589; Gist v. State, 160 Texas Cr. Rep. 169, 267 S.W. 2d 835; and Gossett v. State, 162 Texas Cr. Rep. 52, 282 S.W. 2d 59.

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge, (dissenting).

Here, again, is demonstrated the correctness of my views as expressed in my dissenting opinion in the case of Gossett v. State, 162 Texas Cr. Rep. 52, 282 S.W. 2d 59, to the effect that in order to revoke a probation because the probationer has violated the provisions of his probation it is necessary, in the trial of a criminal case, that such violation be determined in accordance with law.

This appellant is and here stands convicted of the crime of burglary in an ex parte hearing, without indictment and the benefit of a trial by jury, upon the rankest sort of hearsay and circumstantial evidence which my brethren hold amply sufficient to show his guilt.

If that be the law—and my brethren say that it is—then the right of trial by jury in this state no longer exists and our Constitution, which says that the right of trial by jury can not be abolished, is destroyed and no longer exists.

I respectfully dissent.