**Randle LANGLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35803.**

Court of Criminal Appeals of Texas.

May 22, 1963.

Ronald Matthews, John Shirley, Texas City, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty before the court on February 10, 1961, to the offense of conspiracy to wilfully burn insured property. He was found guilty and his punishment was assessed at a term of three years. The imposition of sentence was suspended and probation was granted.

Among the conditions of his probation was that he commit no offense against the laws of this state.

On December 10, 1962, the District Attorney filed a motion to revoke probation alleging certain violations of the law and certain convictions. The proof on the hearing January 4, 1963, supported the allegations of the motion, and the court specifically found and recited in its order of revocation that appellant had committed four named offenses in violation of the penal laws of Texas. According to the record the Probation Officer did not in any manner participate in the proceedings to revoke.

The sole contention urged for reversal is that the trial court abused its discretion in revoking the probation granted to the appellant. He relies on the failure of the Probation Officer appointed by the court to report any violation of the conditions of probation by the appellant, or the failure of the court to require such a report or to consult with him about the activities of the appellant before entering an order of revocation.

In Williams v. State, 157 Tex.Cr.R. 25, 245 S.W.2d 493, this Court said:

"While the duty plainly rests upon the probation and parole officer to make a report, we cannot agree that it is jurisdictional. The judge has the power to require compliance with Section 5 (now Sec. 8, Art. 781d) on the part of his probation and parole officer, if he so desires, but we find no limitation on the power of the judge to inquire into the matter and act independent of such report."

The trial court having jurisdiction to hear and determine the revocation, notwithstanding the non-participation of the Probation Officer, did not from a consideration of the evidence introduced on the hearing abuse its discretion in revoking the order granting the appellant probation.

The judgment is affirmed.

Opinion approved by the Court.