**Phillip Douglas CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42987.**

Court of Criminal Appeals of Texas.

July 8, 1970.

Charles W. Tessmer, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, CaMille Elliott, Harry J. Schulz, Jr., and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

The record reflects that on March 28, 1968, the appellant entered a plea of guilty to an indictment charging him with the possession of marihuana and his punishment was assessed at three years. The imposition of the sentence was suspended and the appellant placed on probation subject to certain conditions of probation, among which are found:

"(a) Commit no offense against the laws of this or any other State or the United States;

"(b) Avoid injuries or vicious habits;

"(c) * * *."

On May 12, 1969, the State filed a motion to revoke probation which, having recited the facts of the conviction and the granting of probation, alleged only: "That Defendant has violated the following conditions (b) of said probation in that (b) avoid injurious or vicious habits."

Following a hearing on said motion to revoke probation on May 26, 1969, the trial court revoked probation expressly upon the ground alleged in the said motion to revoke.[1]

The revocation was predicated upon the testimony of two adult probation officers. They testified that on May 9, 1969, appellant appeared in their office to make his monthly report, and that while there, because of his appearance and conduct, they began to suspect he was under the influence of drugs. They related the appellant at first denied their suspicions and then admitted he had taken a "redbird" which one of the officers, on cross-examination, testified was a barbiturate.

 Appellant complains of the failure to have the State's motion to revoke probation read to him at the commencement of the hearing. He cites and relies upon Articles 36.01, 1.13 and 1.04, Vernon's Ann.C.C.P.; 57 Tex.Jur.2d, Trial, Sec.

---

1. The motion to revoke *did not* allege that the appellant had violated his probationary conditions by committing a penal offense. In his written order revoking probation the judge expressly found only that the appellant had failed to avoid injurious and vicious habits. In fact, the trial judge personally deleted from the order revoking probation any reference to a violation of probationary condition No. (a).

567; Wilkins v. State, 15 Tex.App. 420; Boening v. State, Tex.Cr.App., 422 S.W.2d 469. None of these authorities deals specifically with a motion to revoke probation. We find nothing in Article 42.12, V. A.C.C.P., which would require such procedure. The matter was not called to the trial court's attention and is raised for the first time on appeal. We find no abuse of discretion. Most careful trial judges, however, consider it good practice to call the probationer and his counsel [2] before the bench prior to the commencement of the revocation hearing and inquire of the probationer if he has been timely served [3] with a copy of the revocation motion, if he has read and understands the same. Inquiry then is made of counsel as to whether he has explained to the probationer the motion and the nature of the proceedings. The motion is then read to the probationer unless the reading thereof is waived which is normally the case where affirmative answers have been received to the aforementioned inquiries. The probationer is then asked to plead to the motion.[4]

Testimony is then taken regardless of the plea.

■ Next, appellant contends the court abused its discretion in revoking probation because it failed to require the State to allege in its revocation motion just how the appellant had violated his probation so as to give him fair notice of the violation he was supposed to have committed.

Unlike Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583, where the sufficiency of the revocation motion was questioned for the first time on appeal, the appellant here timely filed prior to the hearing a motion to quash the revocation motion alleging such motion did not comply with Article 42.12, V.A.C.C.P., and did not set out the alleged violation "in intelligible words" so that he would be apprised just how he supposedly had violated his probation. The motion to quash was summarily overruled.

In McDaniel v. State, 158 Tex.Cr.R. 301, 254 S.W.2d 785, which was concerned with

---

2. The right to counsel at revocation hearings can no longer be questioned. If the probationer is indigent and has not waived the right, counsel must be appointed. Article 42.12, V.A.C.C.P.; Ex parte Williams, Tex.Cr.App., 414 S.W.2d 472; Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, which decision was to apply retroactively. McConnell v. Rhay, Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2. See also Crawford v. State, Tex.Cr.App., 435 S.W.2d 148; Eiland v. State, Tex.Cr.App., 437 S.W.2d 551; Ex parte Fletcher, Tex.Cr. App., 442 S.W.2d 705; Ex parte Fuller, Tex.Cr.App., 435 S.W.2d 515.

Although it is not required, it would appear to be a safer practice where counsel has been appointed and the revocation hearing is held less than ten full days from the date of counsel's appointment to have a written waiver of such preparation period signed by the probationer and his appointed counsel in accordance with Article 26.04, V.A.C.C.P., if they are willing to proceed at that time.

3. There is no statutory requirement as to the length of time a probationer must have a copy of the revocation motion

served upon him prior to a hearing thereon. See McDaniel v. State, 158 Tex.Cr.R. 301, 254 S.W.2d 785. In Gist v. State, 160 Tex.Cr.R. 169, 267 S.W.2d 835, a hearing within five days after the filing of the State's motion was not an abuse of discretion. In McDaniel, supra, the court indicated that where the petitioner is deprived of a defense or otherwise injured by lack of notice, the case will be reversed. Most cautious trial judges now require that a copy of revocation motion be served upon the probationer at least 10 full days before the hearing unless the same is personally waived by the probationer and his counsel. Such practice would seem to be more fully in accord with the provisions of Articles 27.11 and 27.12, V.A.C.C.P., as well as Article 26.04, V.A.C.C.P. (when counsel is appointed).

4. The plea normally entered will be "guilty" or "not guilty," though it would seem more appropriate that the plea be either "true" or "not true." Cf. Davis v. State, Tex.Cr.App., 429 S.W.2d 895; Baker v. State, Tex.Cr.App., 437 S.W.2d 825 (concurring opinion); Article 37.07, Sec. 1, V.A.C.C.P.

the question of timely notice of a motion to revoke, this Court said:

"We certainly think it would be better practice on the part of the trial court to give some advance notice to a probationer *as to the particulars in which it is alleged he violated his probation* * * *." (emphasis supplied)

In Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449, this Court in reversing an order revoking probation said:

"We direct attention also to the general allegation of the unsworn petition for revocation. Under such allegation a probationer might be called upon to meet proof of any violation of law at any time during the three years he was on probation."

It is appellant's contention that the motion is couched in such general terms as to give the probationer no notice how he had violated probationary condition No. (b) or to enable him to prepare a defense. We agree. The allegation as to the alleged violation was not expressed in intelligible words. There was only a general allegation as to "avoid injurious or vicious habits." The habit or habits was not spelled out nor was the appellant informed as to whether the habit or habits was injurious or vicious or both. No date was even mentioned. The allegations in a motion to revoke probation do not require the same particularity of an indictment or an information, but in all fairness, the allegations as to a violation of probation should be fully and clearly set forth in the motion to revoke and a copy timely served on the probationer so that he might be informed as to that upon which he will be called to defend.

■ It is true that this Court has consistently held that a hearing on a motion to revoke probation is not a trial in a constitutional sense. See Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774; Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.

2d 317; Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838, cert. den., Bruinsma v. Ellis 354 U.S. 927, 77 S.Ct. 1386, 1 L.Ed. 2d 1439; Cooke v. State, 164 Tex.Cr.R. 320, 299 S.W.2d 143; Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W.2d 744; Leija v. State, 167 Tex.Cr.R. 300, 320 S.W.2d 3; Stratmon v. State, 169 Tex.Cr.R. 188, 333 S.W.2d 135.

Against this background some of the rules of evidence in such hearings have been somewhat relaxed. See Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; Smith v. State, 160 Tex.Cr.R. 438, 272 S.W.2d 104; Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W. 2d 566; McDonald v. State, Tex.Cr.App., 393 S.W.2d 914; Hulsey v. State, Tex.Cr. App., 447 S.W.2d 165. And other procedures in such hearings have been informal and sometimes even lax.

■ Since the earlier decisions of this Court concerning the nature of the revocation proceedings, it has now been held that while a state is not constitutionally required to provide for probation and revocation proceedings as a part of its criminal process any more than it is required to provide for appellate review, when it does, then due process and equal protection of the law is fully applicable thereto. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Griffin v. People of State of Illinois, 351 U.S. 12, 20, 76 S.Ct. 585, 100 L.Ed. 891. See also Hoffman v. State, 404 P.2d 644 (Alaska); People v. Price, 24 Ill.App.2d 364, 164 N.E.2d 528; Williams v. Commonwealth, 350 Mass. 732, 216 N.E. 2d 779; Blea v. Cox, 75 N.M. 265, 403 P. 2d 701. Cf. Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620.

■ It would indeed now be difficult to conclude that probation revocation hearings are not criminal proceedings "where substantial rights of an accused may be affected." Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. The revocation proceedings cannot be isolated from the context of the criminal process. See

Crawford v. State, Tex.Cr.App., 435 S.W.2d 148.

■ The appellant also urges the court abused its discretion in revoking probation since the State failed to show that the taking of one "redbird" was a habit in violation of the probationary condition requiring the appellant to avoid injurious and vicious habits.

He contends there is no evidence to show customary conduct, frequent repetition or usual manner of behavior, and that a single act would not be habitual, citing Meggs v. State, 101 Tex.Cr.R. 415, 276 S.W. 262 and Moore v. State, 111 Tex.Cr.R. 461, 14 S.W.2d 1041.

In Webster's New International Dictionary, Second Edition, "habit" is defined:

" * * * (7) a settled tendency of behavior or normal manner of occurrence of procedure; a custom or practice; * * *. (8) specif., an aptitude or inclination for some action, acquired by frequent repetition and showing in itself in increased facility of performance or in decreased power of resistance; as, the opium habit, also, an acquired mode of behavior."

Black's Law Dictionary, De Luxe Fourth Edition, defines "habit" as "[a] disposition or condition of the body or mind acquired by custom or a usual repetition of the same act or function. * * * The customary conduct, to pursue which one has acquired a tendency, from frequent repetition of the same acts. * * *"

There is no evidence in the case at bar of any habit. The only evidence offered was the appellant's uncorroborated oral statement that he had taken a "redbird."

While there is no right to either the court's or the jury's grace, once granted, probation should not be arbitrarily withdrawn by the court and the court is not authorized to revoke without a showing that the probationer has violated a condition of his probation. Wozencraft v. State,

Tex.Cr.App., 388 S.W.2d 426. The burden of proof in such hearings is upon the State. Zane v. State, Tex.Cr.App., 420 S.W.2d 953.

The burden was not sustained and the court abused its discretion in revoking probation.

We do not deem it necessary to consider the other ways in which is contended the court abused its discretion. We do observe, in view of the position taken by the State in its brief, that appellant also contends that the court erred in permitting his oral statement to be admitted into evidence in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, since no warnings were given nor a waiver of rights obtained. Appellant calls attention to the District Attorney's confession of error in this regard. The question posed appears to be one of first impression in this jurisdiction—whether Miranda applies to statements made by a probationer to his probation officer during his regular or routine monthly report at a time when he is not under arrest. The facts were not well developed here despite the objection based on Miranda and we decline to pass upon the question at this time in view of our disposition of the case.

For the reasons stated, the order revoking probation is reversed.

WOODLEY, Presiding Judge (concurring).

Upon appeal from an order revoking probation review is limited to determining whether the trial judge abused his discretion in revoking probation. Numerous cases so holding are listed under Art. 42.12, Note 38, V.A.C.C.P.

Such being the rule, no other grounds of error need be assigned or considered.

Upon evidence that the probationer admitted to his probation officer that he had taken a barbiturate, his probation was revoked for violation of the condition of pro-

bation that he "avoid injurious or vicious habits."

In so doing the trial judge abused his discretion. No form of notice or allegation which could have been made would support a finding to the contrary.