James H. KUENSTLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 45849.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Will Gray, Houston (on appeal only), for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On November 6, 1967, the appellant waived trial by jury and entered a plea of guilty to the offense of theft by false pretext of over the value of $50.00. The punishment was assessed at five years, but the

imposition of the sentence was suspended and the appellant was placed on probation subject to certain terms and conditions. Among such conditions was the requirement that he

"(2)  Commit no offense against the laws of this or any other State or the United States: . . .."

and

"(11)  Pay your fine, if one be assessed, and the costs of Court, in one or several sums, and make restitution or reparation in any sum that the Court shall determine, to wit: . . .."

The judgment containing these conditions was filed November 8, 1967. Another judgment filed November 21, 1967, added the following phrase to condition No. 11, ". . . to wit: As per schedule agreed on by your attorney and the District Attorney."

On April 25, 1969, after a hearing on a motion to revoke probation, the appellant was continued on probation ". . . subject further to the following conditions, viz: That he pay $100.00 before May 1, 1969 and $200.00 to be paid by the 20th of each month beginning May 20, 1969." Whether the amounts required were for restitution or other reasons is not reflected by the imposed condition, nor is it made clear whether this was a modification of condition No. 11 or not.

Subsequently, two other motions to revoke probation were filed for failure to pay restitution, but the record does not reflect that any hearings on such motions were conducted.

On September 28, 1971, it appears a fourth motion to revoke probation was presented to the trial court. It alleged that appellant had violated his probation conditions in that "[h]e Failed to Pay his Restitution as Ordered by the Court and Com-

mitted the offense of Felony Theft, subsequent to being placed on probation." The court set a hearing on such motion for October 7, 1971, but it appears that the motion was not filed until October 11, 1971. After a hearing on October 13, 1971, the court revoked probation on the same grounds alleged in the motion using the same phraseology.

The appellant advances the contention that the court abused its discretion in revoking probation on the basis of failure to pay restitution and in denying him due process and a fair hearing without adequate notice.

■ At the outset, the State confesses that the proof was insufficient to show that failure to pay restitution was intentional and willful. See McKnight v. State, 409 S.W.2d 858 (Tex.Cr.App.1967); Hall v. State, 452 S.W.2d 490 (Tex.Cr.App. 1970), and cases there cited. Cf. Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962); Hardison v. State, 450 S.W.2d 638 (Tex.Cr.App.1970); Campbell v. State, 420 S.W.2d 715 (Tex.Cr.App.1967); Cox v. State, 445 S.W.2d 200 (Tex.Cr.App.1969) (concurring opinion); Pool v. State, 471 S.W.2d 863 (Tex.Cr.App.1971); Cotton v. State, 472 S.W.2d 526 (Tex.Cr.App.1971). We agree and determine that it is unnecessary to discuss appellant's contention as to the condition regarding restitution.[1]

■■ Turning to appellant's other contention it is observed that the motion alleged failure to pay restitution and commission of a felony theft. The motion was couched in such general terms as to give the appellant no notice as to how he had violated his probationary conditions or to enable him to prepare a defense or to determine what witnesses to subpoena. No dates were alleged, the name of the injured party in the felony theft was not disclosed, nor were there other details alleged. While the allegations in a motion to revoke

1.  It would not appear that the trial court can delegate the authority to set conditions of probation to the appellant's counsel and the District Attorney. See McDonald v. State, 442 S.W.2d 386 (Tex. Cr.App. 1969).

do not require the same particularity of an indictment or an information, in all fairness, the allegations as to a violation of probation should be fully and clearly set forth in the revocation motion and a copy timely served on the probationer so that he might be informed as to that upon which he will be called to defend. Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970); Jansson v. State, 473 S.W.2d 40, 42 (Tex. Cr.App.1971); Gamble v. State, 484 S.W. 2d 713 (1972); Burkett v. State, 485 S.W. 2d 578 (1972).

In Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449 (1962), this court said:

"We direct attention also to the general allegation of the unsworn petition for revocation. Under such allegation, a probationer might be called upon to meet proof of any violation of law at any time during the three years he was on probation."

In Jansson v. State, supra, it was held that where revocation is based upon a violation of the condition not to violate the law, the allegations in the motion must give fair notice and should allege a violation of the law.

The written motion was clearly defective. Horman v. State, 423 S.W.2d 317 (Tex.Cr.App.1968).

Prior to the hearing, appellant's counsel called the court's attention to the fact that the revocation motion had not been served upon the appellant and that he had no notice of the same until the date of the hearing. The record supports such statements. The written motion to quash the allegations of the motion as to failure to pay restitution was denied. Appellant's counsel then pointed out that the allegations as to felony theft were "vague, general and indefinite" and requested the State be required to amend the motion as to what felony theft offense it intended to prove, the date, the injured party, etc. *Cf.* Tate v. State, 365 S.W.2d 789 (Tex.Cr.App.1963). The court granted such oral request.

After talking to several witnesses, the prosecutor announced that

". . . the State hopes to prove a fraudulent transaction involving real estate sales of land to one Juanita Prideaux involving the purchase of land from the Padre Island Investment Corporation, of which Mr. David Chamorro is President, and the alleged offense is said to have occurred in April of 1971, and, of course, in May of 1971."

The written motion to revoke was not amended.

The appellant objected to the sufficiency of the oral announcement and on the ground that he was not prepared to defend against such new oral allegations involving complex real estate transactions, and that he had learned only that morning of the felony theft allegation which now had been changed to a charge of theft by false pretext. He contended to the trial court that he was being denied due process and a fair hearing. All objections were overruled and the hearing commenced.

Unlike Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583 (1956), the sufficiency of the motion is not raised for the first time on appeal. See also Kinard v. State, 477 S.W.2d 896 (Tex.Cr.App.1972); Vance v. State, 580 S.W.2d 485 (1972). The appellant here questioned the revocation motion at the time of the hearing and, when it was amended, noted that he was not prepared to meet the new oral allegations.

There is, of course, no statutory requirement as to the length of time a probationer must have a copy of the revocation motion served upon him prior to a hearing thereon as long as the probationary period has not expired. Trevino v. State, 464 S. W.2d 859 (Tex.Cr.App.1971); King v. State, 169 Tex.Cr.R. 619, 336 S.W.2d 941 (1960). In McDaniel v. State, 158 Tex. Cr.R. 301, 254 S.W.2d 785 (1953), the defendant contended he was entitled to a two-days' notice supposedly as in the case of the service of a copy of an indictment

as provided by the law in effect at the time. The court found no such requirement in the Adult Probation and Parole law but stated:

"We certainly think it would be better practice on the part of the trial court to give some advance notice to a probationer as to the particulars in which it is alleged he violated his probation, even though the statute does not require such notice." [2]

In Gist v. State, 160 Tex.Cr.R. 169, 267 S.W.2d 835 (1954), this court held that the trial judge did not abuse his discretion in conducting a revocation hearing five days after the filing of the State's motion to revoke.

In the instant case, however, it appears that neither the appellant nor his counsel were served with or had notice of the motion filed on October 11, 1971 until they appeared at the revocation hearing on October 13, 1971. Upon objection to the sufficiency of such motion, the State orally announced one of the bases of revocation would be theft by false pretext rather than felony theft, etc. Appellant's objection to sufficiency of the new allegations and his request for time in which to prepare his defense were denied.

The hearing which followed produced numerous checks, contracts, business records, etc., concerning complex real estate transactions. Without deciding the validity of the oral motion or amendment, nor the sufficiency of the allegations, we agree that appellant was denied the rudiments of due process by the failure to give him adequate and prior notice to enable him to prepare his defense.[3] Campbell v. State, supra. *Cf.* Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and observe that the appellant has shown his injury. McDaniel v. State, supra.

Still further, we express grave doubts that the evidence offered was sufficient to show theft by false pretext and to justify the revocation.

Finding an abuse of discretion, the cause is reversed and remanded.

---

2. In Campbell v. State, supra, it was noted that in absence of a waiver, better practice requires that the motion be served upon the probationer at least ten full days before a hearing as in the case of an indictment, etc. See Articles 27.11, 27.12 and 26.04, Vernon's Ann.C.C.P. *Cf.* Hill v. State, 480 S.W.2d 200 (Tex.Cr.App. 1972).

3. It is observed that the American Bar Association Project on Standards for Criminal Justice, Standards Relating to Probation, Part V, § 5.4, reads, in part, as follows:

"5.4 Nature of revocation proceedings. (a) The court should not revoke probation without an open court proceeding attended by the following incidents:

(i) a prior written notice of the alleged violation;

