PD-0632-16
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/20/2016 10:51:54 AM
Accepted 6/21/2016 3:19:18 PM
ABEL ACOSTA
CLERK

**PD-0632-16**

## TO THE

# COURT OF CRIMINAL APPEALS

## OF TEXAS

**************

# DAVID NEAL DUNCAN

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

**************

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBER
07-16-00060-CR FROM THE SEVENTH COURT OF APPEALS,
AND IN CAUSE NUMBER 22,989-A FROM THE
47th DISTRICT COURT OF RANDALL COUNTY

**************

# PETITION FOR DISCRETIONARY REVIEW

**************

FILED IN
COURT OF CRIMINAL APPEALS

June 21, 2016

ABEL ACOSTA, CLERK

John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney *pro bono* for the Petitioner

**THE PETITIONER REQUESTS ORAL ARGUMENT**

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

**Trial Court Judge**

The Hon. Abe Lopez

**Petitioner**

David Neal Duncan

      Trial Counsel:        Darrell R. Carey, Esq. (State Bar No. 03791700)
                                   300 Fifteenth Street
                                   Canyon, Texas 79015
                                   Telephone: (806) 655-4529

                                   William E. Kelly, Esq. (State Bar No. 11240480)
                                   P.O. Box 533
                                   Canyon, Texas 79015
                                   Telephone: (806) 655-7118

      Appellate Counsel:    John Bennett, Esq. (State Bar No. 19799300)
                                   P.O. Box 19144
                                   Amarillo, Texas 79114
                                   Telephone: (806) 282-4455

**Appellee**

      The State of Texas

      Trial Counsel:        James A. Farren, Esq. (State Bar No. 06839400)
                                   Randall County Criminal District Attorney
                                   2309 Russell Long Boulevard, Suite 120
                                   Canyon, Texas 79015
                                   Telephone: (806) 468-5570

      Appellate Counsel:    Warren L. Clark, Esq. (State Bar No. 04300500)
                                   Assistant Criminal District Attorney
                                   Randall County
                                   2309 Russell Long Boulevard, Suite 120
                                   Canyon, Texas 79015
                                   Telephone: (806) 468-5570

# TABLE OF CONTENTS

Identity of Judge, Parties and Counsel.................................................................2

Index of Authorities ....................................................................................3

Statement Regarding Oral Argument ..................................................................5

Statement of the Case..................................................................................6

Statement of Procedural History.......................................................................6

Question Presented for Review........................................................................6

May an order modifying community supervision be appealed
if it imposes incarceration not previously envisioned?

Argument ...............................................................................................7

Prayer for Relief........................................................................................9

Certificate of Compliance ............................................................................10

Certificate of Service ................................................................................10

Court of Appeals' Majority Opinion ....................................... following page 10

Court of Appeals' Dissenting Opinion ......................following majority opinion

# INDEX OF AUTHORITIES

Constitutional Provisions

U.S. CONST. amend. XIV (West 2015) ...........................................................7

TEX. CONST. art. I, § 19 (Vernon supp. 2015)...............................................7


Cases

*Basaldua v. State*, 558 S.W.2d 2 (Tex.Crim. App. 1977) ...................................7

*Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756,

    36 L.Ed.2d 656 (1973).............................................................................8

*Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593,

    33 L.Ed.2d 484 (1972).............................................................................8

TO THE

# COURT OF CRIMINAL APPEALS

## OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# DAVID NEAL DUNCAN

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBER
07-16-00060-CR FROM THE SEVENTH COURT OF APPEALS
AND IN CAUSE NUMBER 22,989-A FROM THE
47th DISTRICT COURT OF RANDALL COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**To the Honorable Judges of the Court of Criminal Appeals:**

COMES NOW David Neal Duncan, petitioner in the above cause, and submits this petition in support of his request for remand of his case to the court of appeals so his appeal may proceed.

5

## STATEMENT REGARDING ORAL ARGUMENT

Since the applicable law is unsettled and the claim is of constitutional magnitude, oral argument is requested.

## STATEMENT OF THE CASE

Pursuant to a plea agreement, in 2012 the appellant was adjudged guilty and sentenced to eight years imprisonment probated for eight years, for "Aggravated Theft of Property O/$20,000 U/$100,000." (Clerk's Record, p. 21).

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals dismissed the appeal on May 9, 2016, although one justice dissented. A copy of each opinion is attached. No motion for rehearing was filed. On June 10, 2016, this Court granted the petitioner's motion for extension of time to file the PDR, until July 8, 2016.

## QUESTION PRESENTED FOR REVIEW

May an order modifying community supervision be appealed if it imposes incarceration not previously envisioned?

# ARGUMENT

Approximately two years after the probated sentence was pronounced, the trial court entered a "Supplemental Order Amending Conditions of Probation," ordering the petitioner, among other things, to submit "to a period of confinement in the Randall County Jail for a term of 5 months." (CR, p 71).

The petitioner filed a notice of appeal, but the State moved to dismiss the appeal based on the principle of *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Crim. App. 1977) ("We find neither constitutional nor statutory authority which would confer jurisdiction on this court to hear an appeal from an order … altering or modifying probationary conditions or an order, as in the instant case, refusing to alter or modify such conditions"). The majority below agreed, ruling that it "has long been held that an order modifying the conditions of community supervision is not an appealable order." (Majority Opinion, p. 2).

But the dissent pointed to the Supplemental Order's requirement of incarceration, writing that under U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19, "due process and equal protection of the law demand protection of the right to seek" review of an order imposing imprisonment:

> To say that an order of incarceration is not the imposition of a sentence or an appealable order defies constitutional logic and offends the principles of due process of law.

(Dissenting Opinion, p. 5).

7

In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court noted that due process applies where community supervision may be revoked, but not just at revocation: it also applies whenever the probationer's freedom is at stake:

> Both the probationer or parolee and the State have interests in the accurate finding of fact and the informed use of discretion – the probationer or parolee to insure that *his liberty is not unjustifiably taken away* and the State to make certain that it is neither unnecessarily interrupting a successful effort at rehabilitation nor imprudently prejudicing the safety of the community.

*Id*. at 782, 785 (emphasis added). Equally, as the Supreme Court said a year earlier in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),

> Implicit in the system's concern with parole violations is the notion that the parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole.

*Id*. at 479. *Gagnon* "draw[s] heavily on" *Morrissey*. *Gagnon*, 411 U.S. at 783.

And a trial court's "informed use of discretion", *Morrissey*, 408 U.S. at 479, cannot be properly guaranteed where the right to appeal is denied. Habeas review is no substitute; it differs substantially from appellate review, and without the right to an appeal, a defendant may easily serve the entire period of jail time ordered before the trial court even hears a writ of habeas corpus.

## PRAYER FOR RELIEF

The petitioner therefore prays the Court grant discretionary review and remand the case to the court of appeals so the appeal may proceed, or grant all appropriate relief.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney *pro bono* for the Petitioner

## CERTIFICATE OF COMPLIANCE

I certify that this entire PDR contains 1,192 words.

/s/ JOHN BENNETT
John Bennett

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing PDR has been served on Warren Clark, Esq., Assistant District Attorney for Randall County, by personal delivery, and on Lisa McMinn, Esq., State Prosecuting Attorney, by email to her at lisa.mcminn@spa.texas.gov, both on June 20, 2016.

/s/ JOHN BENNETT
John Bennett



In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-16-00060-CR

DAVID NEAL DUNCAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 22,989-A, Honorable Abe Lopez, Presiding

May 9, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, David Neal Duncan, appearing *pro se*, seeks to appeal an order modifying the conditions of his community supervision. We grant the State's motion to dismiss and dismiss the appeal for want of jurisdiction.

In August 2012, appellant pleaded guilty, pursuant to a plea bargain, to the third-degree felony offense of theft of property.[1] Appellant was sentenced to eight years confinement with the term of confinement suspended and appellant placed on

---

[1] TEX. PENAL CODE ANN. § 31.03 (West Supp. 2015).

community supervision for a period of eight years.  In May 2015, the State filed a motion to revoke appellant's community supervision.  An amended motion to revoke was filed in December 2015.  Instead of revoking appellant's community supervision, the trial court entered a Supplemental Order Amending Conditions of Probation which required appellant to submit to a period of confinement in Randall County Jail for a term of five months and extended the original probationary period by one year.  Appellant subsequently perfected this appeal.

The State now moves to dismiss the appeal for want of jurisdiction.  This Court has jurisdiction over a criminal defendant's appeal only where it arises from a judgment of guilt or other appealable order.  *See* TEX. R. APP. P. 25.2(a)(2); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).  It has long been held that an order modifying the conditions of community supervision is not an appealable order.  *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Urrutia v. State,* No. 07-15-00214-CR, 2015 Tex. App. LEXIS 9610  (Tex. App.—Amarillo Sept. 10, 2015, no pet. h.) (mem. op., not designated for publication).

By letter dated April 6, 2016, we notified appellant that the order being appealed was not an appealable order and directed appellant to respond to the State's motion to dismiss showing why the Court has jurisdiction.  We advised appellant that if he did not respond by April 18 the appeal would be dismissed for want of jurisdiction.  Appellant did not file a response.

Accordingly, we grant the State's motion to dismiss the appeal. This appeal is dismissed for want of jurisdiction and because appellant failed to comply with an order of this Court. TEX. R. APP. P. 42.3(a), (c).

                                        Mackey K. Hancock
                                              Justice


Pirtle, J., dissenting.


Do not publish.


3



In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-16-00060-CR
_____

DAVID NEAL DUNCAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 22,989-A, Honorable Abe Lopez, Presiding

May 9, 2016

DISSENTING OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, David Neal Duncan, appearing *pro se*, seeks to appeal an order requiring that he submit to a period of confinement in the Randall County jail for a term of five months as a condition of his community supervision. At the request of the State, the majority dismisses this appeal for want of jurisdiction on the basis that the *Supplemental Order Amending Conditions of Probation* is not an appealable order. Because I find the order to be an "appealable order"—I respectfully dissent.

BACKGROUND

On November 30, 2011, Appellant was indicted for the third degree felony offense of theft of property valued over $20,000, but less than $100,000.[1] On August 22, 2012, pursuant to a plea bargain reached with the State, the trial court sentenced Appellant to eight years confinement, suspended for a term of eight years, and a fine of $1,000. On December 22, 2015, an amended motion to revoke was filed alleging four violations of the conditions of community supervision. After a hearing held on January 6, 2016, the court found the allegations in paragraphs 2, 3, and 4 to be "true" and, in lieu of revocation, ordered that Appellant be confined in the Randall County jail for a term of five months and extended the term of his community supervision by one year. A *Supplemental Order Amending Conditions of Probation* was signed on January 21, 2016. Appellant timely filed a notice of appeal from that order.

DISCUSSION

A trial judge may impose confinement in jail or a community corrections facility as a condition of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §12(a) (West Supp. 2015). The judge may order such confinement at the time the defendant is initially placed on community supervision or at any time during the period of supervision. *Id.* at § 12(c). In a felony case, the period of confinement may not exceed 180 days. *Id.* at § 12(a).

---

[1] TEX. PENAL CODE ANN. § 31.03(a), (e)(5) (West Supp. 2015). At the time of commission of the offense, theft of property valued between $20,000 and $100,000 was classified as a third degree felony. Effective September 1, 2015, the statute was amended by increasing the property values, so that a third degree felony is now classified as theft of property valued between $30,000 and $150,000. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10, 2015 Tex. Gen. Laws 4209, 4213.

A defendant on community supervision may not, however, be deprived of his liberty without due process of law. *See Gagnon v. Scarpelli*, 411 U.S. 778, 781-82, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973) (holding that the loss of liberty entailed a serious deprivation of rights requiring that a probationer be accorded due process of law). *See also Campbell v. State*, 456 S.W.2d 918, 921 (Tex. Crim. App. 1970) (holding that, although a motion to revoke community supervision is not a trial in a constitutional sense, when the State provides for appellate review of judicial decisions made in the course of a revocation proceeding, then due process and equal protection of the law is fully applicable thereto).

The applicable rules of appellate procedure require that a notice of appeal be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). On March 23, 2016, relying on *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977), the State filed a motion to dismiss this appeal, contending that the January 21 order imposing incarceration was neither the imposition of a sentence nor an appealable order. The State's reliance on *Basaldua* is misplaced.

*Basaldua* involved a challenge to the trial court's refusal to modify an order of community supervision that was entered at the time sentence was originally suspended in open court. No appeal was taken at the time the conditions of community supervision were imposed, and the defendant filed his motion to modify several months later. Under those circumstances, the Court of Criminal Appeals found there was no, "constitutional or statutory authority which would confer jurisdiction on [the] court to hear an appeal from an order . . . *altering or modifying* probationary conditions or an order, as in the

3

instant case, refusing to alter or modify such conditions. *Id.* at 6 (emphasis added). The Court went on to hold it did not have jurisdiction to hear a direct appeal from a specific trial court ruling, to-wit: the order denying the defendant's motion to modify.

Subsequently, the Court of Criminal Appeals has determined that *Basaldua* is not controlling in situations where the condition of community supervision being appealed is a condition of supervision being added. *See Bailey v. State*, 160 S.W.3d 11, 16 (Tex. Crim. App. 2004) (finding jurisdiction to review an order adding payment of restitution as a condition of community supervision because the "[a]ppellant could not have appealed a decision granting restitution [when] there was no restitution award to appeal").

In *Bailey,* the Court specifically stated that *Basaldua* and its progeny stand for the proposition that no appeal lies from an order denying a motion to alter or modify existing conditions of community supervision. Here, no period of confinement was ordered at the original sentencing. As such, the order being appealed is not an "alteration" or "modification" of the original terms of community supervision; it is clearly the initial imposition of a condition depriving Appellant of his liberty. In this case, at the time of the original sentence, not only was Appellant unaware that he would be required to submit to a period of confinement for a term of five months, he did not know whether such a condition would ever be required. Consequently, there never was an order of incarceration from which he could have appealed until the date the trial court ordered his confinement. Where, as here, the court has ordered (for the first time) Appellant's confinement as a condition of community supervision, the order imposing that period of incarceration must constitutionally be an appealable order.

In this case, Appellant is not seeking review of a condition previously ordered. Instead, he seeks to invoke the jurisdiction of this court to review an order depriving him of a fundamental constitutional right, to-wit: his liberty. The United States and Texas Constitutions not only allow for such a review, due process and equal protection of the law demand protection of the right to seek that review. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 19. To say that an order of incarceration is not the imposition of a sentence or an appealable order defies constitutional logic and offends the principles of due process of law. As such, I find the order being appealed to be an appealable order and I respectfully dissent from the opinion of my brethren.


                                                        Patrick A. Pirtle
                                                        Justice


Publish.