

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00107-CR

_____

LAFAYETTE TREY CROSBY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 31,898

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

A traffic stop in early 2018 by Hopkins County Deputy Jeremy Dixon precipitated the revocation of Lafayette Trey Crosby's community supervision.[1]  Crosby was a passenger in the back seat of the stopped vehicle, in which was a "strong smell" of marihuana,  and in which there was also methamphetamine, marihuana, and K2 (a synthetic drug).  In revoking Crosby's community supervision and ordering the ten-year sentence, the trial court found that Crosby failed (1) to avoid being around habit-forming drugs, (2) to complete community service as ordered by the court, and (3) to submit to a psychological evaluation as ordered by the court.  Because the evidence supports the trial court's finding on at least the first of those grounds,[2] we affirm the trial court's judgment and sentence.

Crosby argues, as to the first found violation, that the State failed to establish that the drugs he was around were habit forming.  We disagree.

We review for an abuse of discretion a trial court's decision to revoke community supervision.  *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.).  To revoke, the State must show by a preponderance of the evidence that the defendant violated at least one term of his or her community supervision.  *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  That requires that the "greater weight of the credible evidence . . . create[s] a reasonable belief that the defendant has

---

[1]On December 20, 2017, Crosby had pled guilty to the felony charge of assault causing family violence.  *See* TEX. PENAL CODE ANN. § 22.01(b) (West Supp. 2017).  Pursuant to a plea agreement, his sentence of ten years' incarceration had been suspended, and Crosby had been placed on community supervision.

[2]The trial court also found two other allegations true.  Because we find sufficient evidence to support the court's finding on one allegation, we will not review the court's other two findings.

violated a condition of his probation." *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). Proof of one violation supports a revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

The State proffered no explicit evidence that any of the illegal drugs found in the vehicle—marihuana, methamphetamine, or K2—were habit forming.[3] While methamphetamine is reputedly savagely addictive, nothing in this record suggests that judicial notice of that fact was sought or taken.[4] However, in this case, Crosby admitted from the witness stand that he had a substance abuse problem specifically with marihuana. That, we believe, provides evidentiary support for a finding that Crosby violated the instant term of his community supervision.

Based on these circumstances we cannot say the trial court abused its discretion in finding that Crosby failed to avoid being around habit-forming drugs, i.e. marihuana, in that Crosby acknowledged that drug being the source of his personal substance abuse.

In support of his argument, Crosby directs us to *Campbell v. State*, 456 S.W.2d 918 (Tex. Crim. App. 1970). There the evidence showed that, on one occasion, while on community supervision,[5] Campbell took a "redbird," which one supervising officer characterized as a barbiturate. *Campbell*, 456 S.W.2d at 919. The Texas Court of Criminal Appeals held this

---

[3]Crosby's community supervision officer acknowledged she did not specifically know whether marihuana and K2 were habit forming.

[4]A "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201(b). But judicial notice is something that is done explicitly in court, so the parties can challenge it. *See In re C.L.*, 304 S.W.3d 512, 516 (Tex. App.—Waco 2009, no pet.); TEX. R. EVID. 201(e).

[5]Before 1993, community supervision was called probation. *See State v. Posey*, 330 S.W.3d 311, 312 n.1 (Tex. Crim. App. 2011).

evidence of a singular use of a prohibited drug was insufficient to prove "a habit in violation of the probationary condition requiring appellant to avoid injurious and vicious habits." *Id.* at 921.

*Campbell* is distinguishable from the present case. Crosby admitted having a substance abuse problem with marihuana. A reasonable inference from his testimony was that marihuana, for him, was a habit-forming drug. Thus, the trial court could have reasonably found that Crosby "failed to avoid being around habit forming drugs."

We affirm the trial court's judgment and sentence.


Josh R. Morriss, III
Chief Justice

Date Submitted:    September 4, 2018
Date Decided:    September 14, 2018

Do Not Publish