Clyde McKNIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 39885.

Court of Criminal Appeals of Texas.

Dec. 7, 1966.

Rehearing Denied Jan. 18, 1967.

W. Alfred Winder, Fort Worth, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

This is an appeal from an order revoking probation.

On December 5, 1956, appellant was convicted, upon a plea of guilty, of the offense of felony theft and assessed punishment at confinement in the penitentiary for ten years.

Execution of sentence was ordered suspended by the court and appellant was placed on probation upon certain terms and conditions. Among the conditions imposed were that appellant:

"(6) Report to the Adult Probation Officer of Tarrant County immediately, and thereafter, as directed by him;

"(9) Make restitution of $22,238.00 and any other outstanding checks,

"Payment of $500.00 by December 5, 1956, payment of $200.00 January 1, 1957 and $200.00 first of each month thereafter until full restitution is made."

On September 27, 1965, a motion was filed by the state to revoke the probation, which alleged that appellant had violated the terms and conditions of probation in that he:

"1. Failed to report to the Adult Probation Officer of Tarrant County immediately and thereafter on the first of each month.

"2. Failed to make restitution in the amount of $22,238.00 plus all outstanding debts, by paying $500 on December 6, 1956 and the balance at the rate of $200.00 per month beginning January 1, 1957."

On October 22, 1965, a hearing was held by the court on the state's motion to revoke the probation. At the conclusion of the hearing the court found that appellant had violated the conditions of his probation and ordered the same revoked. On January 21, 1966, an order was entered by the court revoking the probation upon a finding that appellant had violated the terms and conditions of probation by failing "to make restitution in the amount of $22,238.00 plus all outstanding debts, all as ordered by the Court."

In such order, the court further directed that the sentence originally pronounced in the cause be changed and reduced to "NOT LESS THAN 2 YEARS NOR MORE THAN 5" years' confinement in the penitentiary.

From such order appellant in open court excepted and gave notice of appeal.

■ In appeals of this nature this court's review is limited to a determination of whether the trial court abused his discretion in revoking probation. Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566; Wicker v. State, Tex.Cr.App., 378 S.W.2d 332.

At the hearing it was shown by the state's testimony that in addition to the $22,238 ordered to be paid by appellant, there were other outstanding debts which had been incurred by him in his business that increased the amount of restitution to be made under the court's order to the total sum of $31,381.36.

On the date appellant was placed on probation, he paid the amount of $500 fixed in the order. In the year 1957 he paid the sum of $2,400 and in 1958 he paid the sum of $1,825.94.

In January, 1959, after the death of appellant's father-in-law, who had been assisting him in making the payments, Judge McGee notified the probation officer that appellant's payments had been reduced to $100 per month. Thereafter, in the year

1959, appellant paid $900. In the year 1960 he paid $825. In 1961 he paid $800, and in 1962 he paid $375. In 1963 appellant's payments totaled $775. In 1964 his payments totaled $750.

The total amount of restitution credited to appellant's account in the records of the Adult Probation office was $9,675.94.

Both the appellant and his wife testified in his behalf at the hearing. It was shown by their testimony that appellant operated a paint and body shop and also a wrecking business. Appellant swore that he had "quite a struggle" due to bad debts in the business and that he had tried to pay the money back as best he could. He stated that his business had improved and his present take-home pay was between $400 and $500 per month and that if continued on probation he would "try to" do his best to make the payments. Appellant's wife testified that appellant did work regularly in his business and was kind to her and their two children, ages eight and eleven years.

■ Here we have a defendant, serving his ninth year of a ten-year probated sentence, who has made restitution of $9,675.94 on total debts outstanding in the sum of $31,381.36. His inability to make payments of $200 per month was recognized by the judge who granted his probation by reducing the amount of his payments in half. There is no showing that appellant intentionally failed to make any payments under the court's order. There is no showing that he has violated any law of this state or the United States since being placed on probation. His reports to the probation officer appear to have been in substantial compliance with the officer's orders. His failure to report on any occasion is not set out, as a ground for revoking the probation, in the court's order.

Under the record, appellant ought not to go to the penitentiary for failing to

make the payments prescribed in the order placing him on probation.

We find that the court did abuse his discretion in revoking the probation.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.