**Theophus Horace HARDISON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42601.**

Court of Criminal Appeals of Texas.

Feb. 18, 1970.

Dalton C. Gandy, Fort Worth (court appointed on appeal), for appellant.

Frank Coffey, Dist. Atty., and Truman Power, George McManus and Marvin D. Snodgrass, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

On June 19, 1967, appellant entered a plea of guilty to the indictment charging him with the offense of forgery. His punishment was assessed at three years, but the imposition of the sentence was suspended and he was placed on probation subject to certain conditions of probation. Among such conditions were the requirements that the appellant

"(d) Report to the Adult Probation Officer of Tarrant County * * * on July 19th, 1967 and on the 19th day of each month thereafter; * * *

"(h) Pay his fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums, and make restitution to and through the Adult Probation Officer in the amount of 66.30 at the rate of 5.00 per month beginning, July 19th, 1967; * * *

"(k) Pay a probation service fee in the amount of $10.00 through the Adult Probation Officer each month during probation beginning July 19th, 1967."

On May 21, 1969, the State filed a motion to revoke probation alleging a violation of each of the above described conditions of probation. On July 9, 1969, the court, after a hearing, revoked probation finding the appellant had failed to report to the probation officer as alleged, had failed to pay court costs as alleged and had failed to pay the probation service fee as alleged. On the same date sentence was imposed and notice of appeal was given.

The only question presented by an appeal such as this is whether the trial court abused its discretion in revoking probation. Pitts v. State, Tex.Cr.App., 442 S.W.2d

389. Appellant contends the evidence was insufficient to support revocation and the court abused its discretion in ordering revocation.

While the written order revoking probation reflects a finding that appellant failed to pay court costs as required by his probationary conditions, there is no evidence in the record to support the same. There is testimony as to the failure to pay restitution and the court stated into the record that it was revoking in part upon this ground. It is possible that the written order is in error in this respect.

Where probationary conditions relate to the payment of restitution and court costs there must be a showing at the revocation hearing of the probationer's ability to make the payments required and that the failure to make the restitution was intentional, McKnight v. State, Tex.Cr. App., 409 S.W.2d 858, and the failure to pay court costs was willful. Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422; Campbell v. State, Tex.Cr.App., 420 S.W. 2d 715; Cox v. State, Tex.Cr.App., 445 S. W.2d 200 (concurring opinion). We know of no reason why these requirements should not likewise apply to the payment of the supervisory or service fee authorized by Section 6a of Article 42.12, Vernon's Ann.C.C.P., as amended 1967.

As we read this record we are unable to find where the State demonstrated the probationer's ability to make the payments required for restitution and for the supervisory fee and that his failure to pay was intentional. The appellant was represented at the revocation hearing and on appeal by court appointed counsel.

Nevertheless, the record does show that the probationer failed to make his monthly report to the probation officer as required on five separate occasions. We conclude, therefore, the court did not abuse its discretion in revoking probation.

While it might be better practice for the State to introduce into evidence at

the revocation hearing the judgment or order granting probation and setting out the conditions thereof, we know of no reason why the trial judge may not take judicial notice of the records of his own court.

The judgment is affirmed.

MORRISON, J., not participating.