**John Carrel VANCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45052.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied April 19, 1972.

Emmett Colvin, Jr., Dallas (on appeal only), Gerald W. Cobb, Lewisville, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

On January 16, 1970, appellant pled guilty before the court to the offense of felony theft. The punishment was assessed at two years, but the imposition of sentence was suspended and appellant was granted probation.

Among the conditions of probation were the requirements that appellant "(a) commit no offense against the laws of this or

any other state or the United States." * * "(d) Report to the probation officer, as directed, to wit: monthly;" * * * "(j) Pay a probation fee of $16 per month to the Probation Officer of this court on or before the 1st day of each month hereafter during probation."

On February 20, 1970, the State filed a motion to revoke probation alleging that appellant had violated condition (a) of his probation, in that "Subject has been charged with illegal possession of narcotics;"[1] that condition (d) had been violated, in that "Subject failed to report as instructed;" and that condition (j) had been violated, in that "Subject has not paid a probation fee."

After a hearing on June 5, 1970, the court revoked probation.

Appellant contends that the court abused its discretion in revoking probation, in that the evidence was insufficient to support the revocation.

Probation Officer Eubanks testified that appellant had not made his report on February 10, 1970, nor had appellant paid his probation fee due on February 10, 1970. The probation officer further testified that if it were not for the arrest of appellant for possession of marihuana, he would not have recommended revocation at this time.

Narcotic Agent Wood testified that after having the apartment of one Bunny Blue, in Dallas, under surveillance for three days, he entered the apartment at 2:05 A.M., armed with a search warrant, which had been issue on the basis of confidential information he had received that Bunny Blue was selling narcotics. Officer Wood further testified upon entry of the apartment, "there was marihuana all over the apartment and smoke inside." Appellant and four other people were in the apartment. According to Wood, appellant had been in the apartment for about four hours and three of the occupants (including Bunny Blue) did not enter until about five minutes

before the search began. Appellant testified that he had not been in the apartment more than five minutes prior to the search by the officer, and that he did not have any marihuana in his possession. A girl friend of appellant, Elizabeth Johnson, testified that appellant came to her house in Richardson, at 8 o'clock and stayed until about 12 on the night in question. The officer's testimony revealed that there were two marihuana butts in an ash tray on the little table by which appellant was seated, one marihuana cigarette burning on the dining table about four feet from appellant, a baggie of marihuana that had been knocked off onto the floor in the proximity of appellant, and a "big large" baggie of marihuana was found in a closet by the bathroom in a paper sack.

Where persons are jointly charged with possession of drugs, we must determine if there is an affirmative link existing between the person accused and the narcotic drug. Haynes v. State, Tex.Cr. App., 475 S.W.2d 739; Spriggins v. State, Tex.Cr.App., 372 S.W.2d 676; Orosco v. State, 164 Tex.Cr.R. 257, 298 S.W.2d 134. According to the testimony of the arresting officer, appellant and one other had been in the apartment almost four hours before the raid, the other three occupants having entered the apartment about five minutes before the officer. There were two marihuana butts on the table by which appellant was seated. There was a burning marihuana cigarette about four feet from appellant and a baggie of marihuana on the floor in the proximity of appellant. The smell of marihuana smoke was strong inside the apartment.

In this proceeding, the trial judge was the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony. He may accept or reject any part of the witness' testimony. Maddox v. State, Tex.Cr.App., 466

---

1. While there was no objection to this manner of pleading, the better practice is to plead a violation of the law.

 

S.W.2d 755; Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165.

 The only issue before this Court is whether the trial court abused its discretion in revoking probation. Barnes v. State, Tex.Cr.App., 467 S.W.2d 437, 440; Manning v. State, Tex.Cr.App., 412 S.W.2d 656.

 The evidence supports violation of conditions (a) and (d).

We need not pass upon whether there was a violation of condition (j).

Finding that the trial court did not abuse its discretion in revoking appellant's probation, the judgment is affirmed.

Opinion approved by the Court.