**Jesse Leon BARBER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45680.**

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 22, 1972.

Harold Warford, San Angelo, for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III, and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

On September 16, 1969, appellant entered a plea of guilty to an indictment charging him with the offense of robbery by assault with firearms. Punishment was assessed at six years, but the imposition of the sentence was suspended and appellant was placed on probation subject to certain conditions of probation. Among such conditions were the requirements that the appellant,

"1. Neither commit nor be convicted of any offense against the Laws of the State of Texas; any other State or of the United States of America;

\* \* \* \* \* \*

"5. Report, in person, to the Adult Probation Officer of Bexar County, Texas on the 16th day of each month;

\* \* \* \* \* \*

"11. Pay the court costs within Sixty (60) days from and after September 16, 1969. . . . .;

\* \* \* \* \* \*

"13. Pay a supervisory fee to the 175th District Court . . . . in the amount of $10 per month. . . .;

On December 30, 1970, the State filed a motion to revoke probation alleging a violation of each of the above described conditions of probation.

On June 10, 1971, the court, after a hearing, revoked probation finding that appellant had violated conditions 1, 5, 11 and 13 as alleged. On August 24, 1971, sentence was imposed and notice of appeal was given.

■ The only question presented by an appeal such as this is whether the trial court abused its discretion in revoking probation. Vance v. State, Tex.Cr.App., 478 S.W.2d 535; Barnes v. State, Tex.Cr.App., 467 S.W.2d 437; Hardison v. State, Tex. Cr.App., 450 S.W.2d 638; Pitts v. State, Tex.Cr.App., 442 S.W.2d 389; Manning v. State, Tex.Cr.App., 412 S.W.2d 656.

■ Appellant contends that the court abused its discretion in permitting the State to amend its motion to revoke after announcement of ready and the calling of a witness. The State was allowed to amend the alleged violation of condition No. one (1) from "was arrested on December 3, 1970 for possession and sale of heroin" to "defendant was convicted on the 5th day of March A.D., 1971, for the felony offense of sale of narcotic drug, to-wit: heroin. . . ." Upon appellant objecting, the court continued the hearing on its own motion. At the subsequent hearing, appellant pled former jeopardy and on appeal urges that the court was in error in overruling his plea. A hearing upon a motion to revoke probation is addressed to the trial court's discretion in determining whether the probation shall be revoked or

continued. The result of such hearing is neither conviction nor acquittal. See McDonald v. State, Tex.Cr.App., 393 S.W. 2d 914; Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566, 567. Thus, appellant's contention of jeopardy is without merit. Further, the court stated he would not consider allegation No. one (1) in determining whether to revoke.

Appellant contends that the court abused its discretion in revoking probation for failure to make reports and payments to the State.

■ Where probationary conditions relate to the payment of court costs and supervisory fees, there must be a showing of probationer's ability to make the payments and that the failure to make same was intentional. See Hardison v. State, 450 S.W. 2d 638; McKnight v. State, Tex.Cr.App., 409 S.W.2d 858; Campbell v. State, Tex. Cr.App., 420 S.W.2d 715. We are unable to find where the State demonstrated appellant's ability to pay court costs and supervisory fees.

■ While the record reflects that appellant was in jail some of the dates he was to report to his probation officer, we reject appellant's contention that he was excused from reporting if he were in jail as much as one day of the months he was alleged to have missed.

■ The record is in a state of confusion as to when appellant was in jail; however, it is undisputed that he was not in jail during the entire month of September, 1970, and all of November, 1969, except for November 30, 1969. The evidence showing that appellant failed to report on the 16th day of each of these months as required by the judgment of probation, we conclude the court did not abuse its discretion in revoking probation.

The judgment is affirmed.

Opinion approved by the Court.