**Gary Wilfred ATHANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46462.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Roland H. Hill, Jr., Fort Worth, for appellant.

Doug Crouch, Dist. Atty., T. J. Haire, William W. Chambers and J. J. Heinemann, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from an order revoking probation.

Appellant entered a plea of guilty to the offense of unlawful possession of marihuana on July 6, 1971, and his punishment was assessed at four (4) years, probated. One of the terms of his probation was that he commit no offense against the laws of this State.

On February 25, 1972, a motion to revoke probation was filed alleging that appellant had, on about February 6, 1972, committed the offenses of unlawful sale and unlawful possession of a narcotic drug, to-wit, marihuana. After a full hearing on

April 19, 1972, the court found the charges in the motion to be true, and revoked probation, and sentenced appellant.

The sole question on appeal is whether the trial court abused his discretion in revoking appellant's probation.

Terry Davis, an undercover agent with the narcotics section of the Department of Public Safety, testified that appellant approached him at the Fun Palace in Arlington, Tarrant County, about or right after 3:00 P.M. on February 6, 1972, and asked him if he wanted to buy "a lid of good weed." After further conversation, Davis did buy from appellant, paying $10.00 therefor, and appellant did deliver to Davis, a "lid" of what was later identified by a Department of Public Safety chemist, George Brown, as marihuana. Proper chain of custody was established.

Appellant, as a witness in his own behalf, denied the transaction with Davis, and testified to facts which, if true, would establish an alibi. In this he was supported by a number of defense witnesses.

The evidence before the trial court created a fact issue as to whether appellant did violate his order of probation in the respects alleged in State's motion to revoke. The court decided the issue against appellant.

"In a revocation of probation hearing the trial judge is the trier of the facts and the sole judge of the credibility of the witnesses and the weight to be given to their testimony. He may accept or reject any part of a witness' testimony . . . " Maddox v. State, 466 S.W.2d 755, 757 (Tex.Cr.App.). See also, Hulsey v. State, 447 S.W.2d 165 (Tex.Cr. App.); Vance v. State, 478 S.W.2d 535 (Tex.Cr.App.).

We do not find any abuse of discretion by the trial court.

The judgment is affirmed.

Opinion approved by the Court.