**Eva CARRIZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–469–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1987.

---

J.R. Flores, McAllen, for appellant.

---

Rene Guerra, Edinburg, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Eva Carrizales appeals from an order revoking her probation. In the underlying conviction, appellant received a five-year probated sentence in August 1982, for possession of marihuana. In the order revoking probation in September 1986, the trial court found that appellant violated condition "a" of her probation by committing the offense of delivering marihuana. Appellant contends in her sole point of error that the trial court erred in considering stipulations which did not comply with Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon 1977).

The State addressed the court:

Your Honor I believe we have a stipulation as to the marijuana, and as to the amount, and I would like to offer a Controlled Substance and Submission Report prepared by Chemist and Toxologist Steve Robertson if he was present here he could testify to this, but I believe Mr. Cano and I are going to stipulate to it.

THE COURT: All right Mr. Cano.

MR. CANO: We stipulate, Your Honor.

MR. GUERRA: It is marked as State's Exhibit No. 1.

\* \* \* \* \* \*

THE COURT: And no objection to the offering into evidence the Chemist Report reflecting the substance involved in the case is marijuana?

MR. CANO: That is correct, Your Honor.

THE COURT: All right.

MR. GUERRA: And the amount which is .42 ounces.

THE COURT: All right the exhibit— What exhibit number is it?

MR. GUERRA: Number one, Your Honor.

THE COURT: State's Exhibit No. 1 is admitted into evidence without objection, and it is stipulated as true and correct. All right you may initial it Mr. Kvapil.

The attorney for appellant argues that the stipulation may be oral, but the waiver by the Defendant of the appearance, confrontation and cross-examination of the witnesses must be written, citing *Landers v. State*, 720 S.W.2d 538, 540 (Tex.Crim. App.1986). The appellant never waived the appearance, confrontation, and cross-examination of witnesses.

Although the State argues that the appellant may be correct in her argument, we disagree and affirm the judgment of the trial court.

The plain language requirements of Article 1.15 do not apply to probation revocation hearings. The result of a revocation hearing is neither a conviction nor an acquittal. *Davenport v. State*, 574 S.W.2d 73, 75 (Tex.Crim.App.1978); *Barber v. State*, 486 S.W.2d 352, 354 (Tex.Crim.App. 1972); *Soliz v. State*, 350 S.W.2d 566, 567 (Tex.Crim.App.1961). Nor does the probationer have the right to a jury. *Scamardo v. State*, 517 S.W.2d 293, 297 (Tex.Crim. App.1974); Tex.Code Crim.Proc.Ann. art. 42.12, § 8(a) (Vernon Supp.1987). The hearing is not even a criminal prosecution; it is in the nature of an administrative proceeding in which the trial court sits in its capacity as supervisor of the probationer. *Cross v. State*, 586 S.W.2d 478, 481 (Tex.Crim.App.1979); *Davenport*, 574 S.W.2d at 76.

It is clear that the legislature intended by its enactment of the Adult Probation Law, article 42.12, to delineate the procedure for granting and revoking probation. *McDaniel v. State*, 254 S.W.2d 785 (Tex. Crim.App.1953); *see Davenport*, 574 S.W.2d at 76. We may not read the terms of article 1.15 into article 42.12, especially where article 1.15 is on its face applicable only to felony trials.[1]

---

1. Article 1.15 Jury in Felony
   No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of

The order of the trial court revoking probation is AFFIRMED.

trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.