NO.
12-07-00137-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TIFFANY LYNN PATRICK,           §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Tiffany Lynn
Patrick appeals from her conviction for burglary of a habitation for which she
received an eighteen year sentence of imprisonment.  In her sole issue, she asserts the trial
court erred in not inquiring as to whether she knew her rights.  We affirm.

 

Background

            Appellant
pleaded guilty to burglary of a habitation. 
The trial court placed her on deferred adjudication probation for a
period of ten years pursuant to a plea bargain agreement.  A few months later, because of multiple
violations of the conditions of her probation, the State moved to proceed with
adjudication of guilt and sentencing. 
Appellant testified at the hearing, pleading true to the allegations in
the State’s motion.  The trial court
granted the motion to adjudicate, finding Appellant guilty of the offense of
burglary of a habitation.  The court
sentenced Appellant to eighteen years in the Texas Department of Criminal
Justice, to be served following the completion of sentences she is currently
serving for convictions in Angelina County.

 

 








Fair Trial

            In
her sole issue, Appellant asserts the trial court denied her the right to a
fair trial by assuming she waived her rights without inquiring whether she was
aware of those rights and whether she wanted to waive them.  Citing Texas Code of Criminal Procedure
Article 1.14, she contends that to allow the waiver of rights, the court must
find that waiver to be freely and voluntarily given.  Appellant asserts that the trial court
determined that she waived her right to remain silent, to have a hearing, to
bring witnesses on her behalf, and to cross examine the State’s witnesses.  Further, she argues the court must find that
she was aware of the consequences of her pleas of true and that the court could
find the allegations true, and that she knew the range of punishment, including
the possibility of stacking sentences.

            Appellant’s
arguments lack clarity. To the extent her arguments pertain to the trial court’s
determination to proceed with an adjudication of guilt, we are precluded by
statute from addressing them.  See
Russell v. State, 702 S.W.2d 617, 618 (Tex. Crim. App. 1985).[1]  

            Article
1.14 of the Code of Criminal Procedure provides that the defendant in a
criminal prosecution may waive rights secured her by law.  See Tex.
Code Crim. Proc. Ann. art. 1.14 (Vernon 2005).  However, an adjudication hearing is treated
the same as a revocation of probation.  See
Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b).  A probation revocation
hearing is not a criminal prosecution; it is in the nature of an administrative
proceeding in which the trial court sits in its capacity as supervisor of the
probationer.  See Cross v.
State, 586 S.W.2d 478, 481 (Tex. Crim. App. 1979); Davenport v.
State, 574 S.W.2d 73, 75 (Tex. Crim. App. 1978).  Therefore, Article 1.14 does not apply
here.  See Carrizales v. State,
737 S.W.2d 116, 117 (Tex. App.–Corpus Christi 1987, no pet.).

            Furthermore,
many of the rights Appellant specifically named in her argument are those
covered by Article 1.05, which by its terms applies to criminal prosecutions,
not probation revocation hearings.  See
Tex. Code Crim. Proc. Ann. art.
1.05 (Vernon 2005).  The remainder of the
inquiries Appellant contends the trial court should have made originate in
Article 26.13 of the Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2007).  The legislature has not required the court to
admonish the defendant pursuant to Article 26.13 in the context of a revocation
proceeding.  See Gutierrez v. State,
108 S.W.3d 304, 309 (Tex. Crim. App. 2003). 
Appellant has shown no trial court error.  We overrule her sole issue.

 

Disposition

            We
affirm the trial court’s judgment.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion
delivered March 31, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Effective June 15, 2007, the Texas Code of Criminal Procedure no longer
provides that no appeal may be taken from this determination.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2007).  Appellant’s hearing was conducted prior to
the effective date of the amendment.